F. W. MILLARD, Appellee, v. HENRY BENNETT, Appellant.

**Account Stated:** PRESUMPTION: INSTRUCTION. Where it appeared that shortly after plaintiff received the statement of defendant's account against him he made out his own account against defendant, the instruction that what amounted to a stated account to be presumed from acquiescence of plaintiff, arising from lapse of time and failure to make objection within a reasonable time, depended upon the circumstances, and that it was for the jury to determine from the circumstances whether plaintiff had acquiesced in the account as stated, properly submitted that issue.

**Evidence:** WEIGHT AND CREDIBILITY: DETERMINATION BY JURY. It is for the jury to determine the weight and credibility of conflicting evidence; and a verdict having substantial support in the evidence though conflicting will not be disturbed on appeal.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

TUESDAY, FEBRUARY 18, 1913.

SUIT on account. Plaintiff's petition contains three counts, one for labor, another for board of a hired hand, another for the purchase of certain property, and asks to recover on all three counts the sum of $471.11. Defendant denied liability, and set up as a defense that on July 18, 1908, the defendant made and rendered a full and complete account as to the matters set up in count 3 of plaintiff's petition, showing a balance due plaintiff of $34.04, and tendered plaintiff a check therefor, which plaintiff refused to accept; but he says that said statement was acquiesced in by plaintiff, and was in full settlement of all accounts between them. There was a trial to a jury, and a verdict and judgment for plaintiff for $125.29 and costs. The defendant appeals.—*Affirmed.*

*Rickel & Dennis,* for appellant.

*G. F. Buresk,* for appellee.

PRESTON, J.—I. The real contention of appellant on this appeal is in regard to his claim that there was a settlement of all matters between the parties, because he rendered an

1. ACCOUNT STATED: presumption: instruction.

account to plaintiff, which was retained and acquiesced in for such a length of time that it became an account stated. The contention is that, defendant having pleaded an account stated, the court erred in leaving it to the jury to determine, from the evidence, whether the account sent to plaintiff by the defendant became an account stated. A part of the instruction reads: "What will amount to a stated account from the presumed acquiescence of the plaintiff, arising from lapse of time and his failure to object to the same within a reasonable time, depends upon the circumstances and nature of the transaction and habits of business, and it is for you to determine, from all

the circumstances of the case, whether plaintiff acquiesced in the statement rendered by the defendant by lapse of time."
It is appellant's contention that the evidence was undisputed that plaintiff kept the account for about a month, and that, as a matter of law, it became an account stated. He claims that the question of reasonable time should not have been submitted to the jury.

The evidence shows that the defendant sent the account to plaintiff July 18th, but that the plaintiff was away from home much of the time in July and August; that he was not in Cedar Rapids, his home, in July at all; that, within a short time after he received defendant's letter and account, he made out his own account against the defendant, and sent it to him. The instruction is in accord with the law and the Iowa cases. 1 Cyc. 375, 377, 383, 384; *Hollenbeck v. Ristine,* 105 Iowa, 488; *White v. Hampton,* 10 Iowa, 238. The theory is that, if the account was received and not objected to within a reasonable time, acquiescence may be presumed from silence. We fail to see how the plaintiff could have acquiesced in this account until after it had been received by him. Under the evidence, this matter was a question for the jury, and the court properly submitted it.

II. It is claimed by the appellant that the verdict is contrary to the evidence and the instructions.

2. EVIDENCE: weight and credibility: determination by jury.

He says the jury should have believed his witnesses instead of those for plaintiff. There was a conflict in the evidence, and it was clearly for the jury to determine the weight to be given to the testimony of the witnesses.

III. A question propounded to one of the witnesses is complained of as leading; but we think it was not so. The instructions offered, in so far as they stated the law as applicable to the case, were covered by those given by the court. There was no error.—*Affirmed.*