## BOSSON v. BRASH.

[No. 9,141.   Filed November 9, 1916.]

1. PLEADING.—*Theory.*—*Determination.*—*Theory on Appeal.*—The theory of a pleading must be determined by a consideration of its general scope and tenor, and the theory adopted by the trial court will be adhered to on appeal where such pleading, from its plain terms, is susceptible of such construction and theory, particularly where it appears from the record that the parties themselves proceeded on such theory.   p. 88.

2. ATTORNEY AND CLIENT.—*Compensation.*—*Action.*—*Jury Question.*—In an action by a client against an attorney for money collected, where the defendant contended that the money sought to be recovered was retained by him, with plaintiff's consent, as a reasonable attorney fee, it was for the jury to determine the amount, if any, due plaintiff.   p. 89.

3. APPEAL.—*Review.*—*Evidence.*—*Verdict.*—Where there is some evidence to sustain the verdict, that is sufficient on appeal.   p. 89.

4. ACCOUNT STATED.—*Agreement of the Parties.*—*Prior Dealings.*—Before there can be an account stated there must have been prior dealings between the parties, and, after an examination of all the items by each of the parties, they must have mutually agreed upon the items of the account and that the balance struck is just and due from the party against whom it is stated.   p. 89.

5. ACCOUNT STATED. — *Nature of Action.* — An account stated amounts to more than an admission of an amount due, as it is a new cause of action, and in a suit upon such an account the inquiry is directed not to the original transaction out of which the account arose but to the questions of whether the parties had in fact agreed upon the amount due and whether it has been paid.   p. 89.

6. ACCOUNT STATED.—*Action.*—*Evidence.*—*Presumption.*—Where, in the absence of an express agreement, an implied assent to the amount due is relied on for a recovery, the receipt and retention of a statement of account is proper evidence to be considered in determining whether the parties have agreed upon the amount due, but it is not necessarily conclusive, and amounts to no more than *prima facie* proof of agreement on a balance.   p. 90.

From Marion Circuit Court; *Charles Remster,* Judge.

Action by Tirza B. Brash against William Bosson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William Bosson,* for appellant.

*W. W. Lowry,* for appellee.

FELT, J.—This is a suit to recover money alleged to be due appellee from appellant. The complaint was in four paragraphs. The first was for money had and received. The second paragraph alleges in substance that on January 11, 1908, appellant received from William Lowe Rice, receiver, $3,-441.63 belonging to appellee, and then and there agreed to pay the same to her; that before bringing this suit, on July 27, 1910, appellee demanded payment of said sum from appellant and payment was by him refused. The third paragraph avers that appellant, a practicing attorney, was employed by appellee to collect for her certain promissory notes; that he collected thereon $3,441.63 on January 11, 1908, and on January 16, 1908, paid appellee the sum of $2,306.90. and retained $1,135.73 as attorney's fees; that on July 27, 1910, appellee demanded from appellant the sum of $791.75 and payment was refused; that ten per cent. of the amount collected was a reasonable fee for appellant's services; that the amount retained by him was exorbitant and unreasonable. The fourth paragraph is substantially like the third except it is alleged that the notes provided for five per cent. attorney's fees, and that appellant agreed to accept that amount in payment for his services.

The complaint was answered by a general denial and by a paragraph of special answer, which set up in detail appellant's employment and services as attorney for appellee; that at the time of his employment he informed appellee that his fee would amount to from twenty to forty per cent. of the amount collected; that he charged and retained for his fees thirty-three per cent. of the amount collected; and that appellee stated that such fee was satisfactory to her and it was agreed that the sum of $1,135.73 was due him as attorney's fees. To the special answer appellee filed a reply of general denial. A trial by jury resulted in a verdict for appellee for $300.

The error assigned and relied on for reversal is the over-

ruling of appellant's motion for a new trial.  A new trial was asked on the ground that there was error in the assessment of the amount of recovery, it being too large; that the verdict is not sustained by sufficient evidence and is contrary to law.  The propositions urged by appellant are:  (1) That the acceptance by appellee without objection of the amount collected, less the thirty-three per cent. retained by him as attorney fees, was binding on her as to the amount of such fee; (2) that the retention by him of his fee and the remittance to and acceptance by appellee of the balance of the amount collected resulted in an account stated, binding upon both parties to the transaction; that the retention by appellee for so long a time of the amount received by her from appellant is conclusive evidence of her assent to the settlement.

Appellee contends that the idea of an account stated between the parties is an afterthought of appellant, and that there is nothing in the pleadings or proceedings of the trial up to the filing of the motion for a new trial to suggest such theory; that, on the part of appellee, the contention was that appellant owed her money received by him as her attorney and not accounted for to her; that the amount retained by him as attorney fees was unreasonable and exorbitant and was never agreed to by her; that appellant defended the suit on the ground that the amount retained by him was a fair and reasonable fee, and that appellee had given her assent thereto.

The pleadings and records of the trial sustain appellee's contention as to the theory of the pleadings and the theory on which the case was tried below.  The theory of a pleading must be determined by a consideration of its general scope and tenor, and the theory adopted by the trial court will be adhered to on appeal, where such 1. pleading, from its plain terms, is susceptible of such construction and theory.  The application of this rule is emphasized where it also appears from the

record that the parties themselves proceeded on such theory, as in the present instance. *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 24, 103 N. E. 349; *Euler* v. *Euler* (1913), 55 Ind. App. 547, 553, 102 N. E. 856; *Knight, etc., Co.* v. *Miller* (1908), 172 Ind.. 27, 31, 87 N. E. 823, 18 Ann. Cas. 1146; *Studabaker* v. *Faylor* (1908), 170 Ind. 498, 507, 83 N. E. 747, 127 Am. Stat. 397; *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1912), 179 Ind. 322, 329, 100 N. E. 65. On this theory it was a question for the jury to determine from the evidence the amount, if any, due appellee from appellant. There is some evidence to sustain the verdict, and on appeal that is sufficient. Furthermore, if it were conceded that the pleadings present the question of an account stated as a defense to the suit, we think the same results would follow in this case. Before there can be an account stated there must have been prior dealings between the parties, and after an examination of all the items by each of the parties, they must have mutually agreed upon the items of the account and that the balance struck is just and due from the party against whom it is stated.

An account stated amounts to more than an admission of an amout due. It is a new cause of action and in a suit upon such an account, the inquiry is not directed to the original transaction out of which the account arose, but is directed to the questions of whether the parties had in fact agreed upon the amount due and whether the same was unpaid. The account stated arose originally out of transactions between merchants and persons engaged in commercial transactions, and the rule was evolved that the receipt by one of the parties of an account showing a balance against him and the retention thereof for a reasonable length of time, sufficient to examine the same and make objections thereto, and a failure so to do, amounted to an approval of the statement rendered and it thereby became an account stated. There is considerable difference in the

application of this rule in different jurisdictions. In many states the rule has been extended to transactions between persons generally which result in accounts between them, but it has not been applied in such instances with the same strictness that obtained in the earlier decisions dealing with transactions between merchants. What will amount to a sufficient acquiesence to render an account current an account stated depends upon the facts and circumstances of each particular case, the relation of the parties, and the nature and extent of the dealings between them. Where there is no express agreement and an implied assent

6. to the amount due is relied upon for a recovery, the receipt and retention of the statement of account showing the amount due is proper evidence for the court or jury to consider in determining whether the parties have in fact agreed upon the amount, but it is not necessarily conclusive and in no case amounts to more than *prima facie* proof of such fact. 1 C. J. 596, 657, 695, 696; 1 Cyc 364, 380, 381; *Vanbebber* v. *Plunkett* (1895), 26 Ore. 562, 38 Pac. 707, 27 L. R. A. 811, and notes; *Anding* v. *Levy* (1879), 57 Miss. 51, 34 Am. Rep. 435; *Daytona Bridge Co.* v. *Bond* (1904), 47 Fla. 136, 36 So. 445, 447; *Rich* v. *Eldredge* (1860), 42 N. H. 153, 158; *Spellman* v. *Muehlfeld* (1901), 166 N. Y. 245, 247, 59 N. E. 817; *Mackin* v. *O'Brien* (1889), 33 Ill. App. 474; *Willard* v. *Bennet* (Iowa), 139 N. W. 914; *Pudas* v. *Mattola* (1912), 173 Mich. 189, 138 N. W. 1052, 45 L. R. A. (N. S.) 534; *Ripley* v. *Sage Land, etc., Co.* (1909), 138 Wis. 304, 119 N. W. 108, 23 L. R. A. (N. S.) 787.

So in either view of the case we should not be warranted in reversing the judgment for there is evidence tending to sustain it. Neither can we say the amount is excessive. We find no reversible error. Judgment affirmed.

NOTE.—Reported in 114 N. E. 6. Account stated, receipt of statement, effect, Ann. Cas. 1915A 694; 134 Am. St. 1021; 136 Am. St. 39. See under (2) 6 C. J. 708; (4) 1 C. J. 678; (5) 1 Cyc 450; 1 C. J. 705; (6) 1 Cyc 376; 1 C. J. 691.