FIDELITY AND DEPOSIT COMPANY ET AL. *v.* STANDARD OIL COMPANY ET AL.

[No. 15,109. Filed January 7, 1936.]

*Regester & Regester* and *Archie J. Kahl,* for appellants.

*Edgar M. Blessing* and *Miller, Miller & Jeffrey,* for appellees.

WOOD, J.—The appellants U. R. Price and Ralph Rogers entered into a contract with the Indiana State Highway Commission for the construction of a public highway, designated as Federal Aid Project No. 163, Section A. & B. Their co-appellant executed a bond with them as their surety for the faithful performance of this contract pursuant to its terms. Clifford Jones and the appellee Robert Williams, as partners, doing business under the firm name and style of Paoli Transfer Company, became subcontractors under Price and Rogers, and rendered service in the construction of said highway. In the performance of this contract the Paoli Transfer Company became indebted to appellee Standard Oil Company for supplies sold by it to Paoli Transfer Company and used by said company in the operation of its trucks. Clifford Jones died April 26, 1932, and appellee Raymond Stout was appointed as administrator of his estate.

Appellee Standard Oil Company brought suit against the appellant Fidelity and Deposit Company, as surety, and appellants Price and Rogers, also, appellees George W. Miller and L. A. Baker, as principals, upon the contractor's bond for money alleged to be due and unpaid to it from said Paoli Transfer Company, for the supplies sold as above set out. The appellees, Stout, as administrator of the Jones estate, and Williams, as surviving partner of the Paoli Transfer Company, were made parties defendant to this action.

The pleadings, so far as it is necessary to refer to them, consisted of a complaint in the usual form in actions of this nature, to which was attached as exhibits, a copy of the bond and an itemized statement of the account of supplies sold to Paoli Transfer Company by appellee Standard Oil Company, for which payment was sought. All the defendants to this action filed an answer in two paragraphs, the first being a general denial, and the second a plea in payment. The record fails to show that appellee Standard Oil Company filed any reply to this second paragraph of answer. The appellant, Fidelity and Deposit Company, filed a cross-complaint alleging that it was surety only on the bond sued on. To this cross-complaint appellee Standard Oil Company filed an answer in general denial.

On these issues the cause was tried to the court without a jury. The court made a general finding for appellee Standard Oil Company against all the appellants and appellee Robert Williams, and in favor of Raymond Stout, administrator of the Jones estate, George W. Miller and L. A. Baker. The court further found that appellant Fidelity and Deposit Company was surety only for its co-appellants Price and Rogers, and that it was entitled to have their property first exhausted, before proceeding against said surety for satisfaction of appellee Standard Oil Company's claim. All defendants to the action of the Standard Oil Company filed a motion

for a new trial, alleging as causes therefor that the decision of the court was not sustained by sufficient evidence and was contrary to law, error in the assessment of the amount of recovery, that it was too large, and error in sustaining appellee Standard Oil Company's motion to modify the judgment. This motion was overruled and judgment was rendered in harmony with the court's general finding, and appellants' appeal. The overruling of the motion for a new trial is the only error assigned requiring consideration.

In support of their contention that the decision of the court is not sustained by sufficient evidence, appellants assert that the burden was upon appellee Standard Oil Company to prove the allegations of its complaint by a preponderance of the evidence; that it must recover upon the issues tendered by its complaint; that in an action upon an unsettled account proof must be made of each separate item, and that evidence that a defendant may be indebted to a plaintiff in some amount is not sufficient to justify a recovery in an action of the kind here involved; that the evidence in the instant case fails to measure up to these several requirements.

These rules of law stated by appellants are correct, and if there was a complete failure of the evidence to sustain some of the essential elements above enumerated, then, of course, appellants' contention must prevail. However, from an examination of the record, it is clear that there was some evidence before the court from which it could find that appellee had met and discharged the burden imposed upon it by each of the above rules.

The evidence discloses that on September 19, 1931, the Paoli Transfer Company issued its check for the sum of $1,500 to Standard Oil Company, on the face of which was written this notation, "In full gas and oil project No. 163." This check was received and cashed by Standard Oil Company. While

accord and satisfaction was not pleaded as a defense to the action, appellants contend that where payment is pleaded and evidence showing accord and satisfaction is received upon the trial of the cause without objection, such evidence may be considered by the court in adjusting the rights of the parties, citing the case of *Poer* v. *Johnson* (1911), 48 Ind. App. 596, 96 N. E. 189, which supports this contention.

But "To constitute an accord and satisfaction, it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that a party to whom it is offered is bound to understand therefrom, that if he takes it, he takes it subject to such condition." *Talbott* v. *English* (1900), 156 Ind. 299, 313, 59 N. E. 857, quoting from *Fuller* v. *Kemp* (1893), 138 N. Y. 231, 33 N. E. 1034, cited in the opinion. See also *Neher* v. *Kerr* (1919), 70 Ind. App. 363, 123 N. E. 467.

The evidence is conflicting on this branch of the case. The trial court found against the appellants thereon and that finding is binding upon this court.

Finally appellants say that this cause should be reversed because the complaint alleged that the appellants Price and Rogers and the appellees Miller and Baker were partners doing business under the firm name of U. R. Price and Company, that there was a complete failure of proof to support the allegation that Miller and Baker were members of the partnership; that, therefore, the court erred in rendering judgment against appellants Price and Rogers as principals, and appellant Fidelity Deposit Company as surety on the bond.

This contention is without merit. Sec. 2-2505, Burns 1933, sec. 377, Baldwin's Ind. St. 1934, provides that: "Judgment may be given for or against one [1] or more

of several plaintiffs, and for or against one [1] or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves." Sec. 2-2507, Burns 1933, sec. 379, Baldwin's Ind. St. 1934, provides that: "Though all the defendants have been summoned, judgment may be rendered against any of them severally, when the plaintiff would be entitled to judgment against such defendants if the action had been against them severally." Under these sections of the statute the court possesses chancery powers and may adapt its judgment to the rights of the parties as it finds them to be from the facts established by the evidence, so if a plaintiff sues two or more jointly and only proves a liability as to one, he is entitled to a judgment against that one. *Brandt* v. *Hall* (1907), 40 Ind. App. 651, 82 N. E. 929; *Fishel* v. *Pinckard* (1923), 80 Ind. App. 544, 141 N. E. 615.

The evidence is without conflict that Price and Rogers were partners; the court so found and rendered judgment against them accordingly.

Finding no error, the judgment is affirmed.