MILLER *v.* SCHMIDT, ET AL.

[No. 18,338. Filed February 13, 1953. Rehearing denied April 7, 1953.]

*Theodore Lockyear, Russell Armstrong, Lockyear & Armstrong,* of Evansville, for appellant.

*Milford M. Miller* and *W. C. Welborn,* of Evansville, for appellee.

ACHOR, J.—This is an action on account for labor and materials furnished by appellee Schmidt for appellant Thomas J. Miller and his wife, appellee Anne K. Miller. Judgment was for appellee Schmidt on his complaint in the sum of $496.90 principal, plus interest and costs.

The error assigned is the overruling of appellant's motion for a new trial, in which the grounds relied upon were that the finding of the court was not sustained by sufficient evidence and was contrary to law.

It is appellant's contention first that the evidence was fatally insufficient in that "nowhere in the evidence was there any proof as to the separate items set forth in Exhibit 'A' of the complaint." Exhibit 'A' was the bill of particulars composing the account sued upon.

Appellant contends secondly that the finding and judgment was contrary to law for the reason that "the complaint was predicated on a joint obligation, and the proof showed an individual and separate obligation. The failure of the evidence to square with the allegation in this respect amounted to a fatal variance and a failure of proof."

Appellant has cited several cases as authority for his second contention. However, none of those cases are applicable to the facts in the instant appeal. His contention is settled by our statute which conclusively states the rule upon this issue as follows:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves."

§2-2505, Burns' 1946 Repl.

A decision in this case rests upon a consideration of appellant's contention that the finding and judgment was contrary to law for the reason that, although the theory of appellee Schmidt's complaint was on an *open account*, appellees merely proved "that the total amount of the bill owed by appellant was $496.90. That nowhere in the evidence was there *any* proof as to the separate items set forth in Exhibit 'A' of the complaint." It is appellant's contention that, although the evidence may have been sufficient to support the amount of recovery

in an action on *account stated,* it was not sufficient to support an action on an *open account.*

> The rule is well settled in Indiana that recovery must be upon the theory of the complaint. Also, the general rule is equally well settled that:

> "On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury would sustain the verdict."

*Hiatt* v. *Trucking, Inc.* (1952), 122 Ind. App. 411, 415, 103 N. E. 2d 915; *Associates Investment Co.* v. *Shelton* (1952), 122 Ind. App. 384, 385; 105 N. E. 2d 354; *Elliot* v. *Keely* (1951), 121 Ind. App. 529, 532, 533, 98 N. E. 2d 374.

However, it is appellant's contention that the character of the proof necessary to support a suit on open account has been explicitly defined, and that the judgment is not supported by any such explicit evidence and is, therefore, contrary to law.

The case of *Coats* v. *Gregory, Executor* (1858), 10 Ind. 262, 264, 265, cited by appellant as authority for his position, involved an instruction given by the court. The instruction in substance stated: ". . . in a suit upon an unsettled account, the proof must go to the separate items of the account; and evidence tending to show that the defendant was indebted to the plaintiff in some amount, is not such proof as is required to entitle the plaintiff to a verdict." The court stated that, "Under the peculiar circumstances of this case the instruction was not erroneous."

Does the case of *Coats* v. *Gregory, supra,* support appellant's contention that in order to support a suit on

open account each individual item thereof must be specifically proved? An examination of the Coats case, *supra,* discloses that it was filed on the theory of a suit on an open account. There was no proof as to any of the items of the account, and claimant attempted to recover on evidence which would have sustained an action on an *account stated.* The instruction in the Coats case was directed to that point. The court correctly stated that if a suit is filed on an *open account* and there is a *failure* by the plaintiff to prove the items of the account, he can not recover upon proof of matters which would constitute an *account stated.* As stated by the court in that case at page 265; *"Under the peculiar circumstances of this case* the instruction was not erroneous." (Our italics.)

It is interesting to note that in the earlier case of *Spencer* v. *Morgan* (1854), 5 Ind. 162, 165, cited with approval in the Coats case, *supra,* the court held: ". . . As to a portion of the items charged in Morgan's bill, the proof was indeed very slight. Still there was some evidence conducing to prove his whole demand. And this Court will not disturb a verdict unless it be clearly unauthorized by the testimony given in the cause."

In a more recent case, under issues involving recovery upon an open account, this court stated:

". . . and if there was a *complete failure of the evidence* to sustain some of the essential elements above enumerated, then, of course, appellants' contention must prevail. However, from an examination of the record, it is clear that there was *some evidence* before the court from which it could find that appellee had met and discharged the burden imposed upon it by each of the above rules."

*Fidelity & Deposit Co.* v. *Standard Oil Co.* (1936), 101 Ind. App. 301, 304, 199 N. E. 169.

We conclude, therefore, that although the evidence in support of an open account should be primarily addressed to the support of the separate items of the account, nevertheless the character and quantum of proof necessary to support a suit on account is. no different than that required by the general rule.

We therefore examine the evidence to determine whether there is any evidence or any reasonable or logical inference which may be drawn therefrom which sustains the decision upon the theory of the complaint. The following evidence regarding the particular items of the account was admitted without objection:

"Q. Now Mr. Schmidt, will you please go down the list of the items and work performed and explain same to the Court, if you will. Mr. Schmidt, with reference to all the items set forth in Exhibit A to the Complaint, I will ask if those were all items that were furnished by you or work performed by you.

"A. They are.

"Q. What is the total amount of services performed and the material furnished to these defendants as listed in Exhibit A to the Complaint.

"A. Total is $496.90.

"Q. Yes, now I will ask you whether or not all of the work and labor performed by you and as testified by you as shown on Exhibit A of $496.90 is a fair and reasonable value thereof.

"A. It is."

Admittedly the above recited evidence does not support each item of the account with the certainty which appellant by proper objection might have required. However, the evidence is of sufficient probative value

as to support both the separate items of the account and the total amount thereof. Therefore, appellant's contention that the judgment is not sustained by sufficient evidence, and is therefore contrary to law, is not well founded.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 347.