WALSH *v.* FULTON CO. FARM BUREAU
COOPERATIVE ASSN., INC.

[No. 269A28. Filed December 1, 1969. Rehearing denied January 5, 1970. Transfer denied June 2, 1970.]

*Reed & St. Martin,* of Knox, for appellant.

*Frederick E. Rakestraw, Chipman, Chipman & Rakestraw,* of Plymouth, and *James O. Wells, Jr.,* of Rochester, for appellee.

PFAFF, C.J.—Appellee instituted this action against appellant in the court below by filing its complaint in two paragraphs. One paragraph of its complaint was based upon an account, and the second upon an account stated. The complaint on account followed the usual form in such cases, and added an allegation concerning an agreement as to interest. Appellant filed an answer denying all the allegations of all rhetorical paragraphs of both pleading paragraphs of complaint, and also filed an affirmative paragraph of answer addressed to the first paragraph of complaint. The issues were closed by the appellee's filing of a reply denying the allegations thereof.

Appellant's paragraph of answer alleged that appellant leased a farm owned by him to one Hans Gilot for the period of July 1, 1961, until March 1, 1965; that by the terms of the lease Gilot "was to furnish one-half of all supplies and other items of the character set out in plaintiff's (appellee's) 'Exhibit A' " for such period; that appellant paid plaintiff-appellee his one-half share of such items as may have been furnished by appellee to Gilot for the operation of appellant's farm; that all of the items described in "Exhibit A" of the complaint, for which appellant may have been indebted to plaintiff-appellee, have been paid in full. By reason of our

decision in this case we need not decide whether this paragraph of answer stated facts which would constitute a defense. Nor do we consider if questions as to usury were waived by closing the issues without pleading the same.

Appellee filed its motion for a summary judgment, and said motion was granted and judgment entered for appellee. The motion was not verified and no supporting affidavits were filed therewith. Appellant did not file any response thereto nor any affidavits in oposition thereto.

The court recited as its reason for granting the judgment that it concluded that the items listed in the bill of particulars were in fact furnished to appellant and the charges therefor were true and correct and entitled appellee to a judgment for the amount requested in its complaint. The court also recited that it concluded there was an account stated in the amount shown on the bill of particulars attached to the complaint. The single judgment was based upon both paragraphs of complaint.

The question presented here is whether from the pleadings, depositions and admissions on file there is any genuine issue as to any material fact necessary to entitle appellee to a judgment as a matter of law.

A hearing on a motion for summary judgment under the Acts 1965, ch. 90, § 1, p. 126, Burns' Ind. Stat. Anno., § 2-2524 (1968 Repl.),[1] is not a trial, but the case should be allowed to proceed to trial in the usual way if there is a genuine issue as to a material fact to be tried. *Verplank* v. *Commercial Bank of Crown Point* (1969), 145 Ind. App. 324, 251 N. E. 2d 52.

At the hearing, it is not the function of the trial court to decide which of conflicting inferences is to be drawn from the facts before the court, or to decide what conclusion shall be reached therefrom where reasonable men might differ. The court is not to pass upon the cred-

1. This section was repealed by Acts 1969, ch. 191, § 3, but such Acts are not effective until January 1, 1970.

ibility of the witnesses or to determine the preponderance of the evidence. Rather, the evidence, pleadings and inferences must be viewed in the light most favorable to the party against whom summary judgment is sought. If there is any question as to the credibility of evidence or its weights, summary judgment should not be granted. *Wozniczka* v. *McKean* (1969), 144 Ind. App. 471, 247 N. E. 2d 215; *Verplank* v. *Commercial Bank of Crown Point, supra; Central Realty, Inc.* v. *Hillman's Equipment, Inc.* (1969), 253 Ind. 48, 246 N. E. 2d 383; *Newcomb* v. *Cassidy* (1969), 144 Ind. App. 315, 245 N. E. 2d 846; *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448.

The fact that the bill of particulars attached to and made a part of the complaint as "Exhibit A" was verified is immaterial here. While it has been said that an affidavit of a party on file in a case may be considered regardless of the purpose for which it was filed, Barron and Holtzoff, *Federal Practice and Procedure,* Vol. 3, § 1236, p. 162, verification here does not purport to be made on personal knowledge or otherwise meet the requirements of § 2-2524, *supra,* subsection (e). The Acts 1881 (Spec. Sess.), ch. 38, § 110, p. 240, Burns' Ind. Stat. Anno., § 2-1055 (1967 Repl.), applicable at the times involved here, provides that "in actions upon account, in which an itemized bill of particulars, the correctness of which is duly affirmed or sworn to by the plaintiff, or some one in his behalf, has been filed with the complaint, a default, by the defendant, shall be deemed to admit the correctness of the bill of particulars, as sworn or affirmed to, and judgment may be rendered thereon without further evidence." Such statute is not applicable here, as there was no default. In the absence of a default there is no presumption or inference required by such statute that the items of an account which are made a part of a pleading are correct. *Johnson* v. *Jones* (1916), 62 Ind. App. 4, 112 N. E. 830.

Section 2-2524, *supra,* is based upon Rule 56, Federal Rules of Civil Procedure, on summary judgment. Provision is made

that a motion for summary judgment may be with or without *supporting affidavits*. Under subsection (e) of § 2-2524, *supra,* the following words appear, which were added to the Federal Rule by amendment in 1963:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Assuming, without deciding, that appellee's unverified motion was "supported" within the meaning of the statute, nevertheless, a failure to file counter-affidavits does not automatically result in the granting of summary judgment. Before summary judgment is appropriate, it is still necessary that there be no genuine issue as to any material fact, whether or not counter-affidavits are filed. *Central Realty, Inc.* v. *Hillman's Equipment, Inc., supra; Kapusta* v. *DePuy Manufacturing Company* (1968), 249 Ind. 679, 234 N. E. 2d 487 (Transfer denied) ; *Mayhew* v. *Deister, supra.*

In an action on account the evidence should be primarily addressed to the support of the individual items of the account, although there is no different rule with respect to the quantum and character of proof required than in actions generally. *Miller* v. *Schmidt et al.* (1953), 123 Ind. App. 379, 110 N. E. 2d 347; *Fidelity & Deposit Co.* v. *Standard Oil Co.* (1936), 101 Ind. App. 301, 199 N. E. 169; *Coats* v. *Gregory* (1958), 10 Ind. 345; 1 I.L.E., *Accounts and Accounting,* § 15, p. 57; 1 Am. Jur. 2d, *Accounts and Accounting,* § 19, p. 391.

By his response to appellee's request for admissions, appellant admitted that (1) the items set out in Exhibit A after March 1, 1965, were delivered to his farm; (2) any items on the exhibit delivered prior to July 1, 1961, and after March

1, 1965, were used and consumed on his farm; and (3) the prices and quantities of merchandise listed on Exhibit A prior to July 1, 1961, and after March 1, 1965, are correct as stated, except only that the items of carrying charges and interest are not correct. The record here is lacking in evidentiary material to support any of the individual items of account between July 1, 1961, and March 1, 1965. A genuine issue of fact was presented as to the paragraph of complaint based upon an account, and summary judgment based solely upon such paragraph was erroneous.

Appellee's second paragraph of complaint, based upon an account stated, alleged that an account was stated on March 1, 1965, in the amount of $11,862.40. The court, in granting summary judgment for $14,458.67, together with interest thereon in the amount of $2,096.49, stated: "The court having had said matters under advisement, now considers plaintiff's Second Paragraph of Complaint amended to conform to its Exhibit A attached to its original complaint." It therefore appears that judgment was rendered on the basis of an account allegedly stated some time on or after the date of the last item on Exhibit A.

An account stated has been defined as an agreement that items of account and the balance struck are correct, together with a promise, express or implied, to pay the balance. 1 I.L.E., *Accounts and Accounting*, §§ 31, 32, p. 60; *Wiggam* v. *Rhodes' Estate* (1931), 92 Ind. App. 491, 176 N. E. 250. As stated in 1 I.L.E., *Accounts and Accounting*, § 32, pp. 60, 61:

"There must be assent by both parties to the statement of account as being correct. The assent may, however, be implied. The assent, may for example, be implied from the delivery of the statement by one party to the other, and the latter's failure to object within a reasonable time."

In *First Nat. Bank* v. *Peck* (1913), 180 Ind. 649, 103 N. E. 643, the court stated that the assent may be "inferred" from

the fact that no objection was made within a reasonable time. However, failure to object to an itemized account does not make it an account stated where liability was expressly denied or the parties came to a disagreement before the account was presented. 1 Am. Jur. 2d, *Accounts and Accounting*, § 30, p. 405; 1 C.J.S., *Account Stated*, § 37 b, p. 717. In other words, after such express denial or disagreement a party cannot require another to indicate a lack of assent each and every time a statement is mailed under penalty of having it held that there was an account stated. It appears from the deposition of appellant that he went to apellee's office and questioned the items beginning in July 1961 up to March 1, 1965, particularly with reference to the application of a $5,000.00 payment which appellant claims the appellee "misappropriated." It does not definitely appear when the statement of account upon which the court relied was submitted to appellant with reference to his disagreement with the account, or just what the amount of such statement might have been. There was no express assent to a statement of account and the inferences do not lead solely and conclusively to an implied assent.

Considering the pleadings, admissions and depositions, there still remains a genuine issue or issues of fact for trial, and summary judgment is not appropriate in this case.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 609.