THE JASPER CORPORATION *v*. THE MANUFACTURERS'
APPRAISAL COMPANY.

[No. 272A101. Filed October 11, 1972. Rehearing denied November 27,
1972. Transfer denied May 7, 1973.]

*Fred P. Bamberger, George A. Porch, Bamberger, Foreman,
Oswald and Hahn,* of counsel, of Evansville, for appellant.

*Norbert T. Schneider, William S. Lett, Schneider Lytton &
Lett,* of counsel, of Huntingburg, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Jasper) is appeal-
ing a judgment of $7,012.81, plus interest of $1,127.00, entered
by the trial court in favor of the plaintiff-appellee (Manu-
facturers).

Testimony at the trial revealed that Manufacturers had performed appraisal services for Jasper from 1952 until 1967. Upon inquiry by Jasper, it was suggested by Manufacturers that Jasper needed a complete review appraisal of its entire operation. On the basis of that suggestion, Manufacturers submitted a written proposal. dated February 1, 1967, to Jasper, which encompassed an explanation of the proposed services to be performed. The proposal further estimated the total fee for the appraisal to be approximately $37,000. Jasper declined this proposal saying it was too expensive. The representatives of the two companies then agreed some expenses could be saved by having Jasper employees do a part of the work. This resulted in submission of a second proposal by Manufacturers to Jasper.

The second proposal suggested, among other things, that complete revision appraisals be performed only at those plants where Jasper felt it was needed, while supplementary up-keep reports be made at the remaining plants. The agreement to allow Jasper employees to do some of the appraisal work was alluded to in a paragraph in the proposal which provided, "We will be careful not to duplicate or do any work that your own staff have accomplished and we will work this as economically as possible on this project." Jasper accepted the second proposal conditioned on the testing of the plan for efficiency at one of Jasper's plants.

Subsequent to the completion of the appraisal at the test plant and during the course of the other appraisals at Jasper's remaining plants, Jasper, through its secretary, Mr. Thyen, complained to Manufacturers' vice president, Mr. Koring, that Manufacturers was not living up to the agreement by spending too much time on the job by failing to utilize past records, by inventorying every item, and by duplicating the work performed by Jasper employees. For these reasons Jasper terminated its partial payments, consisting of four checks totaling $22,500 of the total billed fee of $29,512.81.

Further cited as a reason for nonpayment of the deficiency, was Mr. Thyen's anticipating, based on his calculations, that the total fee should approximate $20,000.

Subsequent to the final payment, demand was made on Jasper for payment of the deficiency which was refused for the stated reasons that Manufacturers had not lived up to its part of the agreement. The impasse precipitated by the demand and refusal of payment of the unpaid balance resulted in the commencement of the present action.

Jasper's overruled Motion to Correct Errors sets forth four specifications of error:

1. The decision of the Court is not supported by sufficient evidence upon all the necessary elements of Manufacturers' claim.
2. The decision of the Court is contrary to the evidence.
3. The decision of the Court is contrary to law.
4. An uncorrected error of law occurring and properly raised at the trial in that the Court erred in admitting into evidence, over Jasper's objection, Manufacturers' Exhibit #12.

Jasper's legal position can be summarized by saying Manufacturers failed to prove its case under the theory of an open account or account stated. In a similar vein, Exhibit #12 was admitted without sufficient proof of accuracy or authenticity. Manufacturers says that it met its burden of proof and that there was some evidence on the essential elements of their case to allow the trial court to find as it did.

The general rule is that before recovering on the theory of open account, the plaintiff must prove each individual item of that account. *Babchuk* v. *Heinold Elevator Co., Inc.* (1969), 144 Ind. App. 328, 246 N. E. 2d 211; *Fidelity & Deposit Co.* v. *Standard Oil Company* (1936), 101 Ind. App. 301, 199 N. E. 169; *Miller* v. *Schmidt, et al.* (1953), 123 Ind. App. 379, 110 N. E. 2d 347.

The general rule on an account stated, is that there must have been:

". . . prior dealings between the parties, and after an examination of all the items by each of the parties, they must have mutually agreed upon the items of the account and that the balance struck is just and due from the party against whom it is stated." *Bosson* v. *Brash* (1916), 63 Ind. App. 86, at p. 89, 114 N. E. 6, at p. 7.

Applying these rules to the case at bar, we are of the opinion that the plaintiff did not sustain its burden of proof under either theory of recovery.

Plaintiff introduced its Exhibit #5, which consisted of a series of invoices. An example reads:

"TO fee for the appraisal of Dale-Wood Manufacturing Company, Dale, Indiana, due, as per agreement:

| | |
|---|---|
| 2-½ days at $150.00 per day | $375.00 |
| 5-½ days at $125.00 per day | 687.50 |
| Office costs | 502.10 |
| Board & travel expenses | 187.33 |
| | $1751.93" |

The remaining invoices were similar in form. Jasper objected to the introduction of these invoices because of Manufacturers failure to prove the amounts involved. The trial court ruled on the admissibility thusly:

". . . and I'm going to rule on these invoices, that they may be admitted as the invoices which were submitted to the Jasper Corporation. As to their accuracy I am not admitting them as to whether they were accurate, or whether the separate items on the invoices have to be proved, but they may be admitted for the purpose of showing that they were the invoices that were actually submitted to the Jasper Corporation."

The Plaintiff's Exhibit #12 (which was also attached to Manufacturers' complaint as an exhibit), was a summary listing all of the invoices sent to Jasper as well as showing the amounts paid on the invoices. Jasper raised the same objection to Exhibit #12 as it did to Exhibit #5. The court ruled: "For whatever value it may have I'm going to admit it and overrule your objection."

Even viewing the evidence in a light most favorable to the appellee, the testimony given by Manufacturers' two witnesses does not provide authentication as required in a case on open account. While both of Manufacturers' witnesses did participate in preparing a portion, or approving of, the various invoices making up their Exhibit #5, they could not exactly specify what constituted certain items. One witness, as an example, was not able to explain what made up the office costs of $502.10 in that portion of Exhibit #5 previously quoted.

In addition, the judge's ruling on admissibility precludes the use of the exhibits as proof of accuracy of the charges made.

We recognize that one of the major holdings of the *Miller* case, *supra,* is that the character and quantum of proof in an open account suit is no different than that required by the general rule. That opinion then continues:

"The following evidence regarding the particular items of the account was admitted without objection:

Q. Now Mr. Schmidt, will you please go down the list of the items and work performed and explain same to the Court, if you will. Mr. Schmidt, with reference to all the items set forth in Exhibit A to the Complaint, I will ask if those were all items that were furnished by you or work performed by you.

A. They are.

Q. What is the total amount of services performed and the material furnished to these defendants as listed in Exhibit A to the Complaint.

A. Total is $496.90.

Q. Yes, now I will ask you whether or not all of the work and labor performed by you and as testified by you as shown on Exhibit A of $496.90 is a fair and reasonable value thereof.

A. It is.

Admittedly the *above recited evidence does not support each item of the account with the certainty which appellant by proper objection might have required.*" (Emphasis added). 123 Ind. App., at p. 384, 110 N. E. 2d at p. 349.

It will be remembered that proper objection was made in the instant case.

Nor are we of the opinion that the invoices possess the required specificity of the sales slips referred to in *Babchuk, supra.*

In examining the case at bar for the necessary elements of an account stated, we feel the following quote from the *Bosson* case, *supra,* is helpful:

> "An account stated amounts to more than an admission of an amount due. It is a new cause of action and in a suit upon such an account, the inquiry is not directed to the original transaction out of which the account arose, but is directed to the questions of whether the parties had in fact agreed upon the amount due and whether the same was unpaid. The account stated arose originally out of transactions between merchants and persons engaged in commercial transactions, and the rule was evolved that the receipt by one of the parties of an account showing a balance against him and the retention thereof for a reasonable length of time, sufficient to examine the same and make objections thereto, and a failure so to do, amounted to an approval of the statement rendered and it thereby became an account stated." 63 Ind. App. at p. 89, 114 N. E. at p. 7.

Jasper, through Mr. Thyen, had indicated dissatisfaction on several occasions with the amount of time being expended on the appraisals, hence, the required assent or agreement on the amount due is absent.

Once liability has been expressly denied, failure to object does not make an action into an account stated. *Walsh* v. *Fulton County Farm Bureau Co-Op. Assoc.* (1969), 146 Ind. App. 42, 252 N. E. 2d 609.

In summary, therefore, we are of the opinion that Manufacturers did not prove an open account based upon the lack of authenticating evidence, nor did it prove an account stated because of the lack of assent on Jasper's part. This cause is reversed and remanded for the trial court to enter judgment for the defendant-appellant.

Reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 781.