CASSIUS BOTTEMA *v.* HENDRICKS COUNTY FARM BUREAU CO-OPERATIVE ASSOCIATION, INC.

[No. 1-373A50. Filed January 10, 1974.]

---

*James L. Lowry, Kendall, Stevenson, Howard & Lowry,* of Danville, for appellant.

*M. Dale Palmer, Palmer, Hinkle, Brenton & Keck,* of Danville, for appellee.

LOWDERMILK, J.—The court, having heard oral argument of this cause as well as oral argument on appellant Bottema's motion to strike, or in the alternative, to dismiss that portion of appellee's brief entitled "Statement of Case", and now being duly and fully advised in the premises now overrules appellant Bottema's said motion.

Defendant-appellant, Cassius Bottema, (Bottema) was a large operator as a dairyman and cattle feeder and purchased feed from the appellee, Hendricks County Farm Bureau Co-operative (Co-op) over a period of 20 years. Bottema was billed at divers times and occasionally there was an argument over the bill as to the amount or the quality of the feed or a credit for bags returned by Bottema to Co-op.

The business relationship ultimately ended in a dispute and Co-op brought its action on open account. The complaint was answered by Bottema by a general denial and a second paragraph of set-off for bags returned and inferior feed, alleging further Bottema had stored with Co-op quantities of feed which were destroyed by fire to his damage in the sum of $6,000.

There were further allegations of items of set-off for which the entire relief prayed was $13,502. Bottema also filed a

counterclaim for defective feed which had caused him damage in the sum of $25,000.

The cause was tried to the court without a jury, after which trial the court found Co-op entitled to recover from Bottema on the complaint the sum of $14,020.73; that Bottema take nothing by his counterclaim; and on which findings the court entered its judgment for the amount aforesaid, together with costs. (The court made no mention of the set-off.)

Prior to the trial the parties had had a pretrial conference and the order was made thereon which (1) stipulated that the Hendricks Superior Court had jurisdiction and venue of the action and (2) the parties stipulated and agreed that the amount shown on the accounts of plaintiff was in the sum of $20,835.79 and that $2,574 of said amount was interest.

Co-op called its accountant and bookkeeper, who had been so employed for about eight months prior to the trial, as its only witness in its case in chief and thereafter rested its case. Bottema moved for a judgment on the evidence (which is designated by Rule TR. 41(B) "Involuntary Dismissal"), stating as his reason therefor that there was no proof whatsoever by plaintiff as to the accuracy of the account. The trial court overruled said motion.

Bottema in his case in chief called several witnesses, one of whom was an employee of Co-op, who testified as to the set-off, counterclaim and the dispute over the amounts owed by Bottema to Co-op during the period of the business relationship.

After the close of all the evidence Bottema again moved for a finding and judgment in his favor for the reason no proof had been made on the indebtedness alleged to be due Co-op. This motion was also overruled by the court.

It is Co-op's contention that there was a pre-trial stipulation between the parties that the amount of the account Bottema held with Co-op was sufficient and that no further proof was required as to the correctness thereof.

A careful reading of the stipulation makes it very clear that the parties merely stipulated that the *amount shown on the accounts of plaintiff was $20,835.79, of which amount the sum of $2,574 was interest.*

This is merely a statement of fact as to what the account showed and cannot, by the furthest stretch of imagination, be considered to be sufficient proof of accuracy or authenticity of the amount of the accounts.

Bottema's motion to correct errors contends that the decision is not supported by sufficient evidence on all necessary elements of plaintiff's complaint, more particularly the accuracy of the individual items set forth in said account. This specification is the first specification argued in the argument section of appellant's brief, in which he says ". . . It has been long settled that there is no presumption that the items of an account which are made part of the pleadings are correct and proof must be made as to the individual items of the account. . . ."

Bottema's position is supported by many cited authorities, including the landmark case of *Miller* v. *Schmidt* (1953), 123 Ind. App. 379, 110 N.E.2d 347, and, among other later cases; *Babchuk* v. *Heinold Elevator Company* (1969), 144 Ind. App. 328, 246 N.E.2d 211, and *Walsh* v. *Fulton County Farm Bureau Cooperative Association* (1970), 146 Ind. App. 42, 252 N.E.2d 609.

Upon examination of plaintiff's evidence in chief we find the only evidence presented by Co-op was that of its accountant, Wayne Allison, who stated that *he had no knowledge as to the accuracy of the account,* and that all his information was second hand.

In *Walsh* v. *Fulton County Farm Bureau Cooperative Association, supra,* the court, in speaking about an action on account, said:

"In an action on account the evidence should be primarily addressed to the support of the individual items of the

account, although there is no different rule with respect to the quantum and character of proof required than in actions generally. (Cases cited omitted.)"

The record before us in the case at bar distinctly discloses that there was no evidence addressed to the support of individual items of the account.

Further, in the case of *Jasper Corporation* v. *Manufacturers' Appraisal Co.* (1972), 153 Ind. App. 457, 287 N.E.2d 781, Presiding Judge Robertson of this court stated:

"The general rule is that before recovering on the theory of open account, the plaintiff must prove each individual item of that account. *Babchuk* v. *Heinold Elevator Co., Inc.* (1969), 144 Ind. App. 328, 246 N.E.2d 211; *Fidelity & Deposit Co. of Maryland* v. *Standard Oil Company* (1936), 101 Ind. App. 301, 199 N.E. 169; *Miller* v. *Schmidt et al.* (1953), 123 Ind. App. 379, 110 N.E.2d 347."

We are, therefore, constrained to hold that there was no evidence presented in the record that would permit Co-op to recover on the theory of open account, as it did not prove each individual item of that account.

We must next determine whether or not there was an account stated by Co-op on which it might be entitled to recover under the evidence.

Again, referring to *Jasper Corporation* v. *Manufacturers' Appraisal Co.*, we quote the requirements as set out by the court that are necessary to make an account stated:

"The general rule on an account stated, is that there must have been:

'. . . prior dealings between the parties, and after an examination of all the items by each of the parties, they must have mutually agreed upon the items of the account, and that the balance struck is just and due from the party against whom it is stated.' *Bosson* v. *Brash* (1916), 63 Ind. App. 86, at p. 89, 114 N.E. 6, at p. 7."

The pleadings and the evidence establish that there has been a dispute over the amount due Co-op for several years,

and thus there can be no account stated, as there has never been a mutual assent, and liability has been expressly denied by Bottema.

Applying the rules for the recovery on the theory of open account and account stated to the case at bar, we are of the opinion that Co-op did not sustain its burden of proof under either theory of recovery.

It is our opinion that there is insufficient evidence to sustain the judgment and the court committed reversible error when it overruled Bottema's motion under Rule TR. 41(B) at the close of all the evidence.

The cause is hereby reversed and the trial court is ordered and directed to sustain said motion and enter judgment thereon in favor of defendant-appellant, Bottema, and against the plaintiff-appellee, Co-op.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 306 N.E.2d 128.