BUILDING SYSTEMS, INC. *v.* ROCHESTER METAL PRODUCTS, INC.

[No. 3-774A119. Filed January 30, 1976. Rehearing denied April 13, 1976.]

*Tom F. Hirschauer, Miller, Tolbert, Hirschauer & Wildman,* of Logansport, for appellant.

*Jesse A. Brown, Brown, Brown & Rakestraw,* of Rochester, for appellee.

HOFFMAN, J.—This appeal arises from an action brought by plaintiff-appellant Building Systems, Inc. (contractor) to foreclose a mechanic's lien claimed by it upon certain real estate owned by defendant-appellee Rochester Metal Products, Inc. (Rochester). The trial court ordered such cause dismissed under the provisions of Ind. Rules of Procedure, Trial Rule 41(B), following the presentation of the contractor's case-in-chief. The contractor then filed a motion to correct errors, which was overruled by the trial court, and subsequently perfected this appeal.

On appeal, the contractor asserts that the trial court erred in ordering such dismissal because evidence was introduced during its case-in-chief which would have entitled it to some recovery either under the mechanic's lien statutes or upon the underlying contractural obligation.

Trial Rule 41(B), *supra,* provides, in pertinent part:

"(B) Involuntary dismissal: Effect thereof. After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that considering all the evidence and reasonable inferences therefrom in favor of the party to whom the motion is directed, to be true, there is no substantial evidence of probative value to sustain the material allegations of the party against whom the motion is directed. The court as trier of the facts may then determine them and render judgment against the plaintiff ***."

The language of this rule requires the trial court to consider only the evidence and inferences most favorable to

the non-moving party in ruling upon such a motion. The trial court may not weigh the testimony of one witness against the conflicting testimony of another wtiness, nor may it weigh conflicting portions of the testimony of the same witness. *Ohio Casualty Ins. Co.* v. *Verzele, et al.* (1971), 148 Ind. App. 429, 267 N.E.2d 193. Thus, our Trial Rule 41(B), *supra,* differs from Federal Rule 41(b) in that under the Federal Rule the trial court need not consider only the evidence and reasonable inferences therefrom most favorable to the non-moving party, but is free to determine whether the plaintiff (or party with the burden of proof) has established a right to recovery by a preponderance of the evidence during his case-in-chief. *Emerson Electric Co.* v. *Farmer* (5th Cir., 1970), 427 F.2d 1082; *Ellis* v. *Carter* (9th Cir., 1964), 328 F.2d 573, 577; *Motorola, Inc.* v. *Fairchild Camera and Instrument Corp.* (DC Ariz., 1973), 366 F.Supp. 1173, 1176. See also: 9 Wright and Miller, Federal Practice and Procedure, § 2371, at 224-225; Moore's Federal Practice, Vol. 5, § 41.13[4], 1155-60.

Because the trial court may consider only the evidence and inferences favorable to the non-moving party in ruling upon a motion for involuntary dismissal, this Court must determine whether there was evidence introduced which would have been sufficient to support a recovery by such party when the granting or denial of such a motion is an issue on appeal. In the case at bar, then, the issue is whether the trial court properly found that there was no substantial evidence of probative value which would have supported the material allegations of the contractor.

The facts most favorable to the appellant contractor contained in the record of this cause establish that the contractor entered into an agreement with Rochester to construct an addition to its manufacturing facility. The need for such facility was immediate, and although tentative specifications were drawn up for the structure, many important details of

the project had to be determined during its construction. The written contract between the parties based the price of the improvement on the contractor's costs plus a certain percentage of such costs.

Several incremental payments were made to the contractor by Rochester during and after the primary construction phase of the project. Apparently in response to questions by Rochester regarding the source of costs above an estimate for the improvements, the contractor furnished to Rochester lists of "extra" services and materials which had been furnished during the construction, each containing a "recap" of the charges and payments made to that date and the remaining balance on Rochester's account. These were introduced in evidence at trial. Additionally, the contractor's bookkeeper was allowed to testify to the total amount of charges for the project and the total payments made by Rochester.

The contractor's theory on appeal is that even if it failed to establish the validity of its mechanic's lien, still it was entitled to a personal judgment in the trial court upon its construction contract with Rochester. Further, it contends that because the existence of such contract was admitted by Rochester, only general proof of the total amount due under such contract was necessary.

The contractor introduced evidence during its case-in-chief that the agreement here at issue was not a contract requiring a certain result for an agreed price, but was open-ended as to both scope and total price, with such total price dependent upon the cost of the materials and labor required for the work which was performed.

In view of the uncertainty of the performance required of the purchaser under such a contract, any unpaid charges by such a purchaser thereunder must be considered to be in the nature of an account, with the total of the account indebtedness dependent upon the aggregate of the individual charges made to such purchaser for materials, labor and percentage

16

add-on. *Cf: Watson* v. *Penn* (1886), 108 Ind. 21, 25, 8 N.E. 636. Furthermore, in view of the apparent dispute as to the amount due and the prompt requests by Rochester for detailed itemizations of the changes which had escalated the cost of the project above the estimates, it cannot be concluded that the account in the case at bar was an agreed or stated account. *Bottema* v. *Hendricks Cty. Farm Bur. Co-op. Ass'n, Inc.* (1974), 159 Ind. App. 175, 306 N.E.2d 128; *Jasper Corporation* v. *Manufacturers' Appraisal Co.* (1972), 153 Ind. App. 457, 287 N.E.2d 781 (transfer denied); *Walsh* v. *Farm Bureau Co-op.* (1969), 146 Ind. App. 42, 252 N.E.2d 609 (transfer denied).

Rather, the account between these parties was in the nature of an open account:

> "*Open account*. An open account is one in which some item of contract is not settled by the parties, or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings. In other words, it is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions not reduced to writing and subject to future settlement and adjustment." (Footnotes omitted.) 1. C.J.S., *Account*, at 574-75. Similarly, *see, Smith* v. *Davis* (1944), 323 U.S. 111, 114, 65 S.Ct. 157, 159, 89 L.Ed. 107, 110.

It is the rule in Indiana that when suit is made upon an open account, the proof should be addressed to the support of the separate items of the account, although general proof of the total amount of such an account and the items included in the account will sufficiently support a judgment in such a suit where the alleged debtor did not object to such mode of proof. *Miller* v. *Schmidt, et al.* (1953), 123 Ind. App. 379, 110 N.E.2d 347. Conversely, where a defendant in such a suit objects to mere general proof by the plaintiff of the items and amount of an open account, or no evidence of the amount of the account is properly introduced, such proof is inadequate to support a recovery

by the plaintiff. *Bottema* v. *Hendricks Cty. Farm Bur. Co-op. Ass'n., Inc., supra; Jasper Corporation* v. *Manufacturers' Appraisal Co., supra.* And, where no specification of all the individual items of an open account has been made by a plaintiff in such a suit, it is inappropriate for a trial court to grant a summary judgment in favor of such party. *Walsh* v. *Farm Bureau Co-op., supra; Babchuck* v. *Heinhold Elevator Co., Inc.* (1969), 144 Ind. App. 328, 246 N.E.2d 211.

In the case at bar, Rochester's trial counsel interposed timely objections to certain testimonial evidence offered by the contractor which tended to show the total amount due on the account. However, certain documentary evidence was admitted into evidence without objection by Rochester which purportedly reflected the total amount of the account, total payments made by Rochester, and the balance still due on such account at two different times following the substantial completion of the project. Additionally, documentary and testimonial evidence was introduced tending to establish the items included in such account. Although greater specificity in the proof of the amount of such account could have been required by Rochester, the evidence introduced which was most favorable to the contractor was sufficient to sustain a recovery by it on a contractual theory. *Miller* v. *Schmidt, et al., supra.*

It must be concluded that the trial court erred in holding that the plaintiff had introduced no substantial evidence of probative value establishing a right to any recovery. Therefore, the granting of an involuntary dismissal of this cause under Trial Rule 41(B), *supra,* was improper. This cause must be reversed and remanded to the trial court for a full trial of all the issues.

Reversed and remanded.

Garrard, J., concurs with opinion; Lowdermilk, J. (participating by designation), concurs.

CONCURRING OPINION

GARRARD, J.—I concur in the majority opinion because I believe it correctly states the test to be applied under Indiana Rules of Procedure, Trial Rule 41(B) and because *Miller* v. *Schmidt* (1953), 123 Ind. App. 379, 110 N.E.2d 347 and *Fidelity & Deposit Co.* v. *Standard Oil Co.* (1936), 101 Ind. App. 301, 199 N.E. 169, held that where evidence of the total amount claimed due is admitted without objection, it is sufficient to ground a judgment despite lack of evidence of the items making up the account. *Compare* the contrary result where the evidence was admitted for limited purpose in *Jasper Corp.* v. *Manufacturer's Appraisal Co.* (1972), 153 Ind. App. 457, 287 N.E.2d 781.

However, the case presents a close question on the proof necessary to establish an open account. Had the trial court been entitled to weigh the evidence, it should clearly have been sustained in deciding the plaintiff had failed to meet its burden of proof.

Building Systems maintained that the agreement between the parties called for construction on a cost plus basis throughout. On the other hand, its proof that it was entitled to more than the $103,000 already paid by Rochester went only to the items it considered "extra." It simply postulated indebtedness of approximately $95,000 for the "original project" with no proof of what labor and materials were furnished in the "original project," what savings resulted through the "changes," or, indeed, if there really was an original project that could be equated with the $95,000 figure.

Through extremely effective cross examination, counsel for Rochester clearly exposited that in the theory of its case, Building Systems was attempting to have its cake and eat it too. More significantly, he raised grave doubts as to whether Building Systems had any knowledge of what work and materials were actually furnished under this contract and

whether they were entitled to any monies beyond those already paid.

However, for the reasons originally stated, I concur.

NOTE.—Reported at 340 N.E.2d 791.