Michael TROYER, Appellant–
Defendant: Third–Party
Plaintiff,

v.

COWLES PRODUCTS COMPANY,
INC., Appellee–Plaintiff,

Mark III Industries, Appellee–
Third–Party Defendant.

No. 20A03–9911–CV–415.

Court of Appeals of Indiana.

July 25, 2000.

Jacob S. Frost, Thorne, Grodnik, Ransel, Duncan, Byron & Hostetler, LLP, Elkhart, Indiana, Attorney for Appellant.

Angela R. Smith, Pfaff, Brotherson & Killoren, LLP, Elkhart, Indiana, Attorney for Appellee.

**OPINION ON REHEARING**

ROBB, Judge

Mark III Industries ("Mark III") petitions this court for rehearing of our memo-

---

randum decision dated February 21, 2000. Michael Troyer filed a third-party complaint against Mark III alleging that he had sold certain goods on account to Mark III for which Mark III had failed to pay. Troyer filed his third-party complaint more than four years but less than six years after the last delivery of product to Mark III. In our decision, we held that the six-year statute of limitations for actions on accounts was applicable to Troyer's third-party complaint, rather than the four-year statute of limitations for breach of contracts for the sale of goods. Therefore, we held that the trial court had erred in granting Mark III's motion to dismiss. *Troyer v. Cowles,* 725 N.E.2d 163, (Ind.Ct. App., Feb. 21, 2000).

Mark III's petition for rehearing makes the same general argument that the four-year statute of limitations should apply as it did in its appellate brief and contends that we misapplied Indiana Code § 26–1–10–102. Upon rehearing, and for the reasons stated below, we hereby grant Mark III's petition and reverse our previous holding regarding the applicable statute of limitations in the third-party action between Troyer and Mark III; however, we reaffirm the remainder of our original decision.

■ Troyer phrased his third-party complaint against Mark III as a suit on account. Indiana Code section 34–11–2–7 provides that actions on accounts must be commenced within six (6) years after the cause of action accrues. An "open account" has been defined as:

> one in which some item of contract is not settled by the parties, or where there have been running or current dealings between the parties and the account is kept open with the expectation of further dealings. In other words, it is an unsettled debt arising from items of work and labor, *goods sold and delivered,* and other open transactions not reduced to writing and subject to future settlement and adjustments.

*Building Sys., Inc. v. Rochester Metal Prod., Inc.,* 168 Ind.App. 12, 340 N.E.2d 791, 794 (1976) (quoting 1 C.J.S. *Account* at 574–75) (emphasis added). In this case, then, we have not just an account, but an account arising *from the sale of goods* by Troyer to Mark III. Thus, Indiana Code chapter 26–1–2, applicable to "transactions in goods," is also implicated by the facts of this case. Ind.Code § 26–1–2–102. Indiana Code section 26–1–2–725 states that "[a]n action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued."

The apparent conflict between these two statutes of limitations has been resolved by the legislature's enactment of Indiana Code section 26–1–10–102, which states that "[t]o the extent that ... IC 34–11–2 prescribe[s] statutes of limitations inconsistent with IC 26–1–2–725, IC 26–1–2–725 prevails." Therefore, the UCC's four-year statute of limitations is both applicable and takes precedence in this case, and Troyer's third-party complaint, filed more than four years after the last delivery of goods to Mark III, was time-barred.

■ It is important to note that the legislature did not repeal section 34–11–2–7, but merely stated that where there is an inconsistency, section 26–1–2–725 "prevails." This indicates to us that the six-year statute of limitations is still applicable to actions on accounts dealing with, for example, services or labor; in other words, any accounts not otherwise covered by the UCC. It may have been easier and certainly would have been more clear to have amended section 34–11–2–7 to specifically limit its applicability; however, we are persuaded that the effect is the same: the four-year statute of limitations is applicable to Troyer's claim on account arising from goods sold and delivered to Mark III but not yet paid for.

We have carefully considered the error alleged by Mark III in light of our original decision and agree that we erroneously applied the longer statute of limitations.

We therefore reverse our previous decision, and hold that the trial court properly granted Mark III's motion to dismiss Troyer's third-party complaint as time barred. The judgment of the trial court with respect to the third-party action between Troyer and Mark III is affirmed. In all other respects, we reaffirm our previous decision.

BROOK, J., and NAJAM, J., concur.