*D. Moss*, for the appellant.

---

## COATS *v.* GREGORY, Executor.

Where a plaintiff offered in evidence a letter written by himself, in which he attempted to charge the defendant with certain sums, as being due by the defendant's admission contained in other writings,—*Held*, that the plaintiff should have produced those writings, to enable the jury to decide from the tenor of the whole whether he had placed a proper construction upon them.

The admission of additional evidence, after the examination has closed and the argument commenced, *is within the discretion of the Court; and the decision of the Court below in such cases*, will not be disturbed by this Court, unless there appears to have been an abuse of the discretionary power.

In a suit upon an unsettled account, the proof must go to the separate items; and evidence tending to show that the defendant is indebted to the plaintiff in some amount, is not sufficient to entitle the plaintiff to a verdict.

APPEAL from the *Warren* Court of Common Pleas.

HANNA, J.—This action was commenced by filing with the clerk a claim against the deceased, sworn to under the statute, in the form of an open account for money paid, goods, wares, &c., sold.

*Wednesday,
June 2.*

At the proper time, the executor filed his answer of three paragraphs. They were, 1. A denial; 2. Payment; 3. That plaintiff and deceased were partners in the mercantile business, and in the lifetime of deceased, said plaintiff received of deceased all his share of the cash, notes, accounts and property of said firm, except those which were wholly insolvent.

To the second paragraph there was a general denial filed by way of reply; and to the third, there was a denial of the partnership, and of the reception of plaintiff's "share of the notes and accounts and property of the said firm," in the same paragraph.

There was a trial by jury. Verdict for defendant. New

trial granted.   At a subsequent term a second jury trial was had, and second verdict for defendant.   The evidence is in the record.

The plaintiff caused the executor to be subpœnaed as a witness, and to produce as evidence letters received by the deceased from the plaintiff, in regard to the business out of which this suit grew.   The letters were produced, but when offered by the plaintiff as evidence, objection was made by the defendant, and the evidence was excluded. This ruling of the Court is complained of.   The first letter offered was one dated *September* 16, 1850, and purports to be an answer to one from deceased to plaintiff, dated on the 2d of the same month, and to give extracts therefrom, as well as from other letters received prior to that time, and also from statements furnished by deceased to plaintiff. No offer was made to produce and give in evidence the letters and statements from which the extracts purported to have been taken.   The letter and extracts therein contained would have had a tendency to produce the impression upon the jury that the deceased was indebted to plaintiff.   If the whole of the letters, &c., from which the extracts were taken, had been given to the jury, such an explanation may have been contained therein as would have prevented the jury from coming to that conclusion.   When the plaintiff offered in evidence a letter written by himself, in which he attempted to charge the deceased with certain sums as being due, by admissions of the deceased contained in other writings, it would, to say the least of it, have looked more like fair dealing to have produced those writings, and let the jury judge from their whole tenor whether a proper construction had been placed upon them by him.   1 Greenl. Ev. § 201, and note.

The plaintiff, after the evidence had been closed and the argument had been commenced, offered to read in evidence a letter from the deceased to the plaintiff, which was not permitted by the Court.   The permission to introduce additional evidence, under similar circumstances to those existing at the time of this offer, is purely the exercise of the discretionary power of the judge presiding at the trial.

And although it is important to the ends of justice that such legal discretion should be soundly exercised, the ruling of the judge, who has all the facts and circumstances immediately before him, will not be disturbed by this Court, unless it appears that there has been an abuse of such discretionary power. There is nothing in this case to show us that there was such abuse.

The third instruction given by the Court to the jury, upon the request of the appellee, involves this legal principle, to-wit: that in a suit upon an unsettled account, the proof must go to the separate items of the account; and evidence tending to show that the defendant was indebted to the plaintiff in some amount, is not such proof as is required to entitle the plaintiff to a verdict. It is urged that this instruction is in conflict with the decision of this Court in the case of *Spencer* v. *Morgan*, 5 Ind. R. 146.

We think the appellant mistakes the bearing of that case, or its application. The effect of the instruction in that case was to leave the question to the jury, as to whether the facts and circumstances in evidence established the claim, although there was not positive proof in regard to each item. The verdict was not disturbed because there was some evidence conducing to prove the whole demand.

In the case at bar, the plaintiff, upon failing to make proof of the items of his account, attempted to resort to evidence which would, perhaps, have been proper to sustain a paragraph upon an account stated. The instruction under consideration is directed to that point. The claim here filed is for money, goods, wares and merchandise. Suppose, upon a failure by the plaintiff to prove any of his items, he should be permitted to prove the general admission of deceased that he owed him 100 dollars, and recover that sum, when in fact he owed him nothing, upon the items upon which the claim was founded, but did owe that sum for a horse; would the recovery be a bar to a proceeding for the value of the horse? We think it would not, for the reason that the record would not show any claim for that kind of property, nor would there have been any proof about such.

Under the peculiar circumstances of this case the instruction was not erroneous.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. A. Chandler,* for the appellant.

*B. F. Gregory* and *J. Harper,* for the appellee.