360 N.E.2d 610 (1977)
INDIANA TELEPHONE CORPORATION, Appellant (Defendant below),
v.
INDIANA BELL TELEPHONE COMPANY, Inc., Appellee (Plaintiff below).
No. 2-475A115.
Court of Appeals of Indiana, Second District.
March 7, 1977.
Claude M. Warren, Claude M. Warren, Jr., Warren, Snider, Koeller & Warren, Samuel A. Fuller, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellant.
Bruce N. Cracraft, Harold L. Folley, Indianapolis, for appellee.

*611 OPINION ON PETITION FOR REHEARING
SULLIVAN, Judge.
Appellee, Indiana Bell Telephone Company (Bell), has filed its Petition for Rehearing for the sole purpose of allowing this Court to rectify what is alleged to be an erroneous statement of law. Bell does not seek further modification or correction of the judgment below, because following our decision of December 30, 1976, the parties made full settlement with respect to the matters in controversy. Notwithstanding the latter fact, we deem it necessary to reexamine those matters heretofore decided in Part III (C) of our December 30, 1976 opinion [Indiana Telephone Corp. v. Indiana Bell Telephone Co. (2d Dist. 1976) Ind. App., 358 N.E.2d 218].
In that opinion we were concerned with the trial court's computation of damages 1) for payments which Indiana Telephone Corp. (ITC) never remitted to Bell (non-payments), and also 2) for payments which ITC wrongfully withheld from Bell for certain periods of time (deferred payments).
As to non-payments we upheld the trial court's allowance of damages in the full amount left unpaid plus pre-judgment interest thereon [See Part III (A)]. Pre-judgment interest is sanctioned not only by Indiana case law, but also by IC 24-4.6-1-103 (Burns Supp. 1976), which states that interest shall be allowed "from the date an itemized bill shall have been rendered and payment demanded on an account stated ..."
As to deferred payments we upheld the trial court's allowance of damages for the deferral, measured in the simple interest such amounts would have drawn over the period of deferral. [See Part III (B)]. We then disallowed pre-judgment interest on the damages for deferral inasmuch as no demand for the payment of principal, (that is, simple interest in the form of damages), had ever been made by Bell until it filed its complaint. Pre-judgment interest on a principal amount composed in part of simple interest was challenged by ITC as "interest on interest", and we erred in our conclusion that it was not. We arrived at our decision by analogy to the prerequisites for the allowance of pre-judgment interest on other principal amounts outstanding at judgment. Marsteller v. Crapp (1878), 62 Ind. 359; Kuhn v. Powell (1916), 61 Ind. App. 131, 111 N.E. 639; IC 24-4.6-1-103 (Burns Supp. 1976).
The existence or non-existence of a demand for the principal amount owing has no relevance to the proper resolution of this case at Part III (C), and we must now recant that portion of our holding.[1]
Bell's Petition for Rehearing prompted our search for a more satisfactory resolution of the issue and led us to the following commentary:
"In regard to compound interest, or interest on interest, there has existed much doubt and difference of opinion. It was rigorously prohibited by the Roman law: Nullo modo usurae usurarum a debitoribus exigantur. The English law followed in the same track. So in an early case in chancery, Lord Cowper held a clause in a mortgage, that if the interest was behind six months, then it should be accounted principal and compound interest, was `void and of no use;' `that to make interest principal, it is requisite that it be grown due, and then an agreement concerning it may make it principal.' It is not regarded as within the statutory prohibition of usury, but as leading to oppression and abuse. So Lord Eldon has said, `There is nothing unfair *612 or perhaps illegal in taking a covenant, originally, that if interest is not paid at the end of the year, it shall be converted into principal. But this court will not permit that, as tending to usury, though it is not usury.'"
* * * * * *
"... [I]n a subsequent case, the ... learned judge laid down the rule that `compound interest cannot be demanded and taken, except upon a special agreement made after the interest has become due'. .. ."
"So in ascertaining the amount due on a note made payable with interest annually, simple interest only is to be computed; and interest on the interest will not be allowed. But if a new note is given for the interest, it is thereby converted into capital, and it may be given with interest."
"WHERE ALLOWED.  An exception has been, however, introduced by the usages of modern trade to the general rule which denies compound interest. As between merchants upon their mutual accounts, it is the custom to cast interest upon the several items, and to strike a balance at the end of the year of the items of principal and those of interest, and to carry the footing of the two to a new account, as forming the first item of principal for the ensuing year. In this manner, yearly rests, as they are called, have for a long time been made and acquiesced in by the mercantile world. But after the mutual trade and dealings have ceased, the right to make annual rests ceases; and in the absence of any specific agreement, the creditor is allowed simple interest only on the balance of his account; the right to make the yearly rests growing out of the mutuality of the debts and credits; and the allowing of interest on each side."
"Another exception to the general rule denying compound interest grows out of the conduct of the defendant; where that is grossly delinquent or intentionally contrary to his duty, compound interest is sometimes inflicted by way of punishment. Where partial payments have been made in cash, or by rents and profits, or otherwise, the payments are to be first applied to the satisfaction of the interest then due, and the balance only is to go towards the reduction of the principal."
Sedgwick, Damages, 473 (6th ed. 1874), See also Sedgwick, Damages (9th ed. 1920); McCormick, Damages, § 53 (1935); 27 A.L.R. 81.
It is also said that because of courts' hostility to compound interest, only the equivalent of simple interest will be assessed as damages and compound interest will not be allowed. McCormick, supra, § 53 at 212. Other than the exceptions allowed by some jurisdictions for trade custom or express contract provisions, the above-cited statement apparently still reflects the majority position. Current authorities so state:
"The general rule is that compound interest is not allowed as damages. Logically, it would seem that if a note or other pecuniary obligation is payable with interest annually or at other stated periods, and there is default extending over several interest periods, the promisee should recover interest not only on the principal sum but on the various broken obligations to pay interest. Such, however, is not the general rule of law."
Williston, Contracts, § 1417 (3d ed. 1968); see also 10 A.L.R.3d at §§ 2, 4.
In the case which was before us, there was no recorded evidence of a trade custom for the compounding of interest or for the conversion of interest into principal at designated intervals, nor were there express contractual provisions calling for installments of interest payable at stated intervals. Therefore, we need not determine whether interest may be compounded as damages under such circumstances.[2]See *613 Niles v. The Bd. of Comm'rs. of the Sinking Fund (1846), 8 Blackford 158; The City of Aurora v. West (1864), 22 Ind. 503, 522. In the absence of these elements, however, an award of pre-judgment interest on damages which are already measured in terms of simple interest must be disallowed.
We now therefore hold that interest may not be compounded by computing interest upon an amount awarded as damages in the form of interest for delayed payment of a debt.
Our opinion of December 30, 1976 is modified in conformity herewith.
BUCHANAN, P.J., and WHITE, J., concur.
NOTES
[1] In its Petition for Rehearing, Bell asserts that our discussion of demand for principal, in the form of "late charges", would create a duty upon creditors to demand both "payment of the bill and payment of the interest as well." IC 24-4.6-1-103 allows compensation to the creditor for his lost use of money which has been wrongfully withheld from him. The demand which is required is a demand for the principal sum as a matter of notice to the debtor. If interest sought is to be computed upon an amount which has been transformed from simple interest into additional principal by virtue of a lawful agreement between the creditor and the debtor, a demand for the increased principal must be made.
[2] We note also that the contracts here considered did not come within the statutory provisions for consumer credit sales, IC 24-4.5-2-202 (Burns Code Ed. 1971), or consumer loans, IC 24-4.5-3-202 (Burns Code Ed. 1971).