**DEPARTMENT OF PUBLIC WELFARE State of Indiana, Appellant (Defendant Below),**

v.

**CHAPEL PHARMACY, INC., an Indiana Corporation, Appellee (Plaintiff Below).**

No. 2–380A76.

Court of Appeals of Indiana, First District.

Aug. 7, 1980.

Theodore L. Sendak, Atty. Gen., John A. Schulenburg and Gordon E. White, Jr., Deputy Attys. Gen., for appellant.

W. T. Robinette, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The Indiana Department of Public Welfare (Public Welfare) appeals the decision of the trial court, which found in favor of Chapel Pharmacy, Inc. (Chapel) on Chapel's complaint for claims submitted to Public Welfare which were not paid. We affirm.

Chapel and Public Welfare entered into an agreement in 1971, whereby Chapel was to become a provider of medication under the Indiana Medicaid program. Chapel was paid by submitting claim forms to Public Welfare for items issued. Chapel submitted claims and received payments for items dispensed in 1971, but subsequent to January, 1973, claims submitted by Chapel were not paid. Chapel filed suit on May 8, 1978. Robert Nicksic, who was the sole stockholder and president of Chapel, testified as to the claim procedure and his method of determining charges. Nicksic further testified that Public Welfare owed Chapel for unpaid claims of $21,782.00 and that he figured interest at eight (8%) per cent per annum from August 1, 1973 to equal $12,783.00. The trial court entered judgment on September 21, 1979, in favor of Chapel in the amount of $21,762.00 plus interest from August 1, 1974, in the amount of $10,190.00.

■ Public Welfare first claims that Chapel failed to establish a prima facie case in open account. This claim is based on the fact that the separate items constituting the open account were not introduced into evidence. *See Coats v. Gregory*, (1858) 10 Ind. 345. Although the general rule is that the plaintiff must prove each individual item of an open account, specific proof is not always required. This was alluded to in *Miller v. Schmidt*, (1953) 123 Ind.App. 379, 110 N.E.2d 347.

More recently, the fourth district panel of this court declared:

> Moreover, proof of the *total sum* represented by the invoices *may be sufficient* to sustain a judgment in favor of the plaintiff, if (1) there is no objection by the defendant to require plaintiff to prove each individual item of the account, and if (2) the finder of fact believes plaintiff's evidence.

*Contech Architects and Engineers v. Courshon*, (1979) Ind.App., 387 N.E.2d 464, 470 and cases cited therein. [Emphasis added.]

■ Public Welfare never objected to Nicksic's testimony, nor did it request Chapel to prove each individual item of the account. Clearly, Public Welfare cannot sit moot at trial, interposing no objection, and then claim error on appeal. The requirements of *Contech* and *Miller* were satisfied, and since Public Welfare did not demand more specific proof, as it could have done, the trial court did not err.

■ Public Welfare next alleges that the trial court erred in failing to admit its exhibit "C", which was a copy of the provider agreement between themselves and Chapel into evidence. Public Welfare acknowledges that the introduction of the agreement would have been in contradiction of an oral pre-trial agreement on exhibits, but contends the trial court should have admitted the agreement under the authority of Ind. Rules of Procedure, Trial Rule 16(J), to prevent manifest injustice. While we agree that Chapel would not have been prejudiced by the agreement's introduction, Public Welfare has failed to disclose how they were prejudiced by the agreement's exclusion. Absent such a showing of prejudice, we will not disturb the trial court's determination. *Atwood v. Prairie Village Inc.*, (1980) Ind.App., 401 N.E.2d 97; *Meeker v. Robinson*, (1977) Ind. App., 370 N.E.2d 392.

Lastly, Public Welfare contends that the trial court erred in failing to grant a hearing on the computation of interest. While we do not agree that the failure to grant a hearing was an abuse of discretion necessitating a reversal, Public Welfare has raised a legitimate question as to whether the interest was properly computed.

Indiana does not generally provide for compound interest on a judgment. *See generally* 17 I.L.E. Interest and Usury § 46 (1959); *Indiana Telephone Corp. v. Indiana Bell Telephone Co.*, (1977) Ind.App., 360 N.E.2d 610. Ind.Code 24–4.6–1–101 through 103, provides for interest to be assessed at the rate of eight (8%) per cent per annum absent an agreement to the contrary.

Nicksic testified that interest from August 1, 1973, on the amount owed was $12,783.00. This is clearly compound interest. Simple interest for the same period would amount to approximately $10,455.00. The trial court awarded interest of $10,-190.00, however, its judgment entry shows interest was computed from August 1, 1974, not 1973 as testified to by Nicksic. Compound interest from August 1, 1974 until judgment was rendered in September, 1979, would amount to approximately $10,703.00, while simple interest for the same period would be approximately $8,952.00. Once again, the trial court awarded interest of $10,190.00. We cannot be certain that the interest was properly computed, as can be seen from the range provided by the foregoing figures. Therefore, although we affirm the trial court's decision, it is necessary to remand the case to the trial court solely for a redetermination of the proper interest to be awarded.

Judgment affirmed, but cause remanded for a redetermination of interest.

NEAL and YOUNG (sitting by designation), JJ., concur.