**HARRISON–FLOYD FARM BUREAU COOPERATIVE ASSOCIATION, INC., Plaintiff–Appellant,**

v.

**Arthur Ray REED, Rena May Reed, Roger Ray Reed, and Rebecca Sue Reed, Defendants–Appellees.**

No. 31A01–8903–CV–114.

Court of Appeals of Indiana, First District.

Nov. 29, 1989.

Christopher E. Baker, Rubin & Levin, Indianapolis, for plaintiff-appellant.

H. Lloyd Whitis, Corydon, for defendants-appellees.

BAKER, Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Harrison–Floyd Farm Bureau Cooperative Association (Farm Bureau), appeals the judgment on its action to collect on an unsatisfied promissory note executed by defendant-appellees, Arthur Reed, Rena Reed, Roger Reed, and Rebecca Reed.

We reverse and remand.

## STATEMENT OF THE FACTS

Arther and his son, Roger, were partners in a farming operation. Arthur maintained an open account with Farm Bureau upon which interest was charged at a rate of 21% per annum. By May, 1983, the account had an unpaid balance in the sum of $34,272.59. Although the balance on the open account was past due, Farm Bureau sought to reduce the unpaid balance to a note upon advice that the Reeds' financial condition would likely improve within two years. Accordingly, on May 25, 1983, Arthur and his wife, Rena, and Roger and his wife, Rebecca, executed the promissory note in question. In exchange for executing the note, Farm Bureau agreed to forebear any collection activity for two years. Additionally, the interest applicable to the note was reduced to 12% per annum.

Approximately two years later, Farm Bureau made demand for payment of the amount due under the note. Receiving no response to its demand, Farm Bureau brought suit against the Reeds for collection under the terms of the note. In their amended answer, the Reeds raised the failure of consideration as an affirmative defense alleging that certain gasoline supplies charged were not delivered. After taking the matter under advisement, the trial court entered its findings of fact and conclusions of law. The trial court concluded that there existed sufficient consideration for the execution of the note and that the Reeds had not met their burden of proof as to their affirmative defense. It also found, however, that there was no evidence presented establishing the receipt

of consideration by Roger, Rena, or Rebecca. The trial court, therefore, entered a judgment against Arthur only in the principal sum of $34,272.59, interest of $22,962.63, and attorneys fees in the sum of $2,975, for total judgment in the sum of $60,210.22. Farm Bureau subsequently instituted this appeal.

## ISSUE

The sole issue presented for our review is whether the trial court erred in determining Farm Bureau was not entitled to judgment against Roger, Rena, and Rebecca.

## DISCUSSION AND DECISION

Farm Bureau correctly notes that when a trial court enters findings of fact and conclusions of law, this court on appeal will not set aside the findings or judgment unless clearly erroneous and due regard is given to the opportunity of the trial court to judge the credibility of the witnesses. Ind.Rules of Procedure, Trial Rule 52(A); *Spurlock v. First Federal Savings and Loan Association* (1982), Ind.App., 436 N.E.2d 811; *Sigsbee v. Swathwood* (1981), Ind.App., 419 N.E.2d 789. A trial court's judgment will not be determined to be clearly erroneous on appeal unless this court is left with a definite and firm conviction that the trial court has erred. *Blade Corp. v. American Drywall, Inc.* (1980), Ind.App., 400 N.E.2d 1183.

IND CODE 26–1–3–413 provides that the maker of a note engages that he will pay the instrument according to its tenor at the time he signs it. The trial court found that in addition to Arthur, Roger, Rena, and Rebecca executed the promissory note in question. It concluded, however, that the evidence did not establish that Roger, Rena, and Rebecca received any consideration for executing the note, and on that basis, denied liability as to them. Farm Bureau contends that this determination is clearly erroneous as a matter of law.

■ We first note that it is not proper for courts to inquire into the adequacy of consideration. *Gorbett v. Estelle* (1982), Ind.App., 438 N.E.2d 766. The doing of an act by one at the request of another which may be a detrimental inconvenience, however slight, to the party doing it or may be a benefit, however slight, to the party at whose request it is performed, is legal consideration for a promise by such requesting party. *Herrera v. Collection Service, Inc.* (1982), Ind.App., 441 N.E.2d 981. Where the thing agreed upon as the consideration has no determined value, the judgment of the parties as to its sufficiency will not be disturbed by the court. *Huntingburg Production Credit Association v. Griese* (1983), Ind.App., 456 N.E.2d 448.

■ There was sufficient evidence in the record to establish consideration for the execution of the promissory note by Roger, Rena, and Rebecca. In exchange for the promissory note, Farm Bureau withheld commencing legal action to collect upon the unpaid balance in the open account, agreed to forebear any collection activity on the note for two years, and reduced the interest rate charged from 21% to 12% per year. Clearly, this was sufficient consideration for the execution of the note.

■ Nevertheless, we observe that a lack of consideration does not preclude liability under the circumstances of the instant case. The promissory note which is the subject of this appeal was for payment of an antecedent debt. IND.CODE 26–1–3–408 provides that no consideration is necessary for an instrument or obligation given thereon in payment of or as security for an antecedent obligation of any kind. *Stockwell v. Bloomfield State Bank* (1977), 174 Ind.App. 307, 367 N.E.2d 42 (overruled in part on other grounds, *Farner v. Farner* (1985), Ind.App., 480 N.E.2d 251); *Gemmer v. Anthony Wayne Bank* (1979), 181 Ind.App. 379, 391 N.E.2d 1185. Thus, we hold there was adequate consideration given by Farm Bureau for the execution of the note by Roger, Rena, and Rebecca.

■ Even were we to hold that Roger, Rena, and Rebecca were accommodation parties and not makers, they would still be liable on the note. An accommodation maker is one who signs a note in any capacity for the purpose of lending his

name to another party to it. IND.CODE 26-1-3-415(1). At the very least, Roger, Rena, and Rebecca were accommodation makers as they signed their name to the note in order that Farm Bureau would delay collection actions against Arthur. In *Stockwell, supra,* this court held that the failure of consideration flowing to an accommodation maker is not a defense to the accommodation maker. An accommodation maker's consideration is the primary obligor's receipt of what was bargained for. No separate consideration need run to the accommodation maker. *Id.* It is undisputed that Arthur received all that he bargained for. Farm Bureau did not institute the suit to collect upon the open account, delayed commencing collection action on the note for two years, and reduced the interest rate on the note to 12%. This in and of itself was sufficient consideration for the signatures of Roger, Rena, and Rebecca. The trial court erred as a matter of law in failing to enter judgment against them.

Additionally, Arthur claims the trial court's judgment against him awarded Farm Bureau an amount for compound interest. He argues that the open account in the sum of $35,272.59 included both principal and compound interest. Arthur complains the trial court erred in permitting Farm Bureau to recover the compound interest included in the principal amount of the promissory note and the interest which accrued on the note thereafter.

We acknowledge that Indiana does not provide for compound interest on a judgment. *See Department of Public Welfare v. Chapel Pharmacy, Inc.* (1980), Ind.App., 407 N.E.2d 1211. Farm Bureau, however, was not awarded compound interest. Arthur had an open account relationship with Farm Bureau and on May 25, 1983, executed a promissory note in the *principal sum* of $35,272.59. Farm Bureau's complaint was on the promissory note. It was not on the open account. Pursuant to the terms of the note, Farm Bureau was entitled to interest on the principal amount. In fact, the only interest awarded by the trial court was that which

accrued under the principal amount of the note. Thus, the trial court's award of interest on the face amount of the note does not amount to compound interest. The trial court properly entered judgment in the principal sum of $34,272.59 and interest of $22,962.63.

Judgment reversed and remanded to the trial court for proceedings consistent with this opinion.

RATLIFF, C.J., and SULLIVAN, J., concur.