David K. **GALLOWAY** and Erica V. Galloway, Appellants–Defendants,

v.

The **METHODIST HOSPITALS, INC.**, Appellee–Plaintiff.

No. 64A03–9410–CV–387.

Court of Appeals of Indiana.

Nov. 27, 1995.

Rehearing Denied Jan. 24, 1996.

Jennifer A. Eversole, Galloway & Jackson, Chesterton, for Appellant.

Jill M. Madajczyk, Hodges & Davis, P.C., Merrillville, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellants-defendants David K. Galloway and Erica V. Galloway appeal from a judgment in favor of The Methodist Hospitals, Inc. ("Hospital") in an action for unpaid medical services.

The facts most favorable to the judgment disclose that Erica Galloway was transported

from her obstetrician's office to the emergency room at Hospital's Southlake Campus on July 8, 1991. Erica, who was suffering from toxemia, underwent an emergency caesarean section. Erica and her newborn child remained hospitalized until July 14, 1991.

During the course of the hospitalization, David Galloway, Erica's husband, assumed the responsibility of providing pertinent information to Karen Johnson from Hospital's business and admission department. During a meeting with Johnson, David signed admission forms as guarantor for both Erica and the child. David did not sign the back of the forms which contained financial responsibility language. David, however, as an attorney, was aware such clauses were contained on the forms.

David informed Johnson that he did not have any health insurance. The Galloways had planned to prepay Hospital's charges for delivery, had the child not been born prematurely. Upon learning of the Galloways' lack of insurance, Johnson discussed financial aid programs with David.

Erica and the child were discharged from Hospital on July 14, 1991. The total bill for medical services rendered to Erica was $11,546.19. The total bill for medical services rendered to the child was $2,801.20. The Galloways were billed for these services but paid no sums on either of the accounts. Although Hospital's records show that an itemized statement was generated on July 14, 1991, David testified that he never received a copy of the statement until after litigation was commenced.

On June 19, 1992, Hospital filed its complaint in the Porter Superior Court alleging that the Galloways were indebted to Hospital for hospital care and services. After a bench trial, the court entered judgment in favor of Hospital and against the Galloways in the amount of $14,347.39. In reaching its decision, the court concluded because of Hospital's delay in providing the Galloways with an itemized bill for their review, prejudgment interest was not appropriate. The Galloways now appeal.

Two issues are presented for our review:

(1) whether the trial court properly concluded that the Galloways were indebted to Hospital for medical services rendered; and

(2) whether the charges for medical care were usual, customary, and reasonable.

As requested by the Galloways, the trial court entered findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A). When findings of fact and conclusions of law are requested by a party, this Court first determines whether the evidence supports the trial court's findings and second, whether the findings support the judgment. *Bauer v. Harris* (1993), Ind.App., 617 N.E.2d 923, 926. The judgment of the trial court will be reversed only if clearly erroneous. *Id.* In determining whether the trial court's findings are clearly erroneous, this Court will neither reweigh the evidence nor determine the credibility of the witnesses and will consider only the evidence which supports the judgment and the reasonable inferences therefrom. *Tomahawk Village Apartments v. Farren* (1991), Ind.App., 571 N.E.2d 1286, 1291.

The Galloways contend the evidence failed to establish their liability for payment of the services rendered under a contractual theory. The Galloways further assert they did not enter into a contract with Hospital as there was no mutual assent or meeting of the minds, and they were under extreme duress at the time medical services were provided.

The trial court's findings of fact and conclusions of law do not support a judgment based upon an express or "implied in fact" contract, although there may have been evidence to support such a judgment. Rather, the trial court's judgment was based on a quasi-contractual theory. Specifically, the trial court found Erica received medical care and incurred medical bills in the amount of $11,546.19, and the child received medical care and incurred medical bills in the amount of $2,801.20. The court also found that the care which was provided was medically necessary and the costs were usual, customary, and reasonable.

Quasi-contracts, also referred to as contracts "implied in law," are not contracts

in the true sense; they rest on a legal fiction imposed by law without regard to the assent of the parties. *Dyer Constr. Co., Inc. v. Ellas Constr. Co., Inc.* (1972), 153 Ind.App. 304, 308, 287 N.E.2d 262, 264. They arise from reason, law, and equity, and are clothed with the semblance of a contract for the purpose of a remedy. *Id.* To recover on the basis of a quasi-contract, the party seeking recovery must demonstrate that a benefit was rendered to the other party, under circumstances which equity demands compensation in order to prevent an unjust enrichment. *Glick v. Seufert Constr. & Supply* (1976), 168 Ind.App. 354, 359, 342 N.E.2d 874, 877; *Kody Engineering Co., v. Fox and Fox Ins. Agency,* (1973), 158 Ind.App. 498, 505, 303 N.E.2d 307, 311.

In the present case, the Galloways do not dispute the fact that they received valuable services from Hospital or that the services provided were medically necessary. Additionally, the fact the Galloways went to the Hospital's emergency room demonstrates their implied request for medical service. Hence, a benefit—medical services—was rendered to the Galloways at their implied request and under circumstances which equity demands they pay Hospital therefore in order to prevent an unjust enrichment.

█ The Galloways also challenge the sufficiency of the evidence supporting the trial court's finding that Hospital's charges were usual, customary, and reasonable. Initially, this Court notes that the Galloways failed to object to the qualifications of Gregory Yore, controller of Hospital, to testify as to the reasonableness of Hospital's charges; therefore, any attempt to now challenge his competency has been waived. *See W & W Equipment Co., Inc. v. Mink* (1991), Ind. App., 568 N.E.2d 564, 576, *trans. denied.*

█ Yore testified that Hospital's charges were comparable to other facilities in northwest Indiana. He further stated that Hospital's charges were based upon Hospital's budgetary needs. The fact that Hospital's charges are based on the costs associated with providing health care does not make the charges unreasonable.

█ The amount of a statement, while not conclusive, is *prima facia* proof of the amount owed on the account. *Auffenberg v. Board of Trustees* (1995), Ind.App., 646 N.E.2d 328, 331; *Dept. of Public Welfare v. Chapel Pharmacy* (1980), Ind.App., 407 N.E.2d 1211, 1212. As explained in *Chapel Pharmacy,*

> " 'proof of the total sum represented by the invoices may be sufficient to sustain a judgment in favor of the plaintiff, if (1) there is no objection by the defendant to require plaintiff to prove each individual item of the account, and if (2) the finder of fact believes the plaintiff's evidence.' "

*Id.,* 407 N.E.2d at 1212 (citing, *Contech Architects v. Courshon* (1979), 180 Ind.App. 77, 387 N.E.2d 464).

█ In the present case, Yore testified as to the procedure used by Hospital to bill patients. Doctors would request a specific medication for a patient, the pharmacy would then send the medication to the nurse's station and the patient's account would be charged. If the medication was administered, the charge would stand; however, if the medication was not needed, it would be returned to the pharmacy and the patient's account would be credited. The only charges specifically challenged by the Galloways at trial involved multiple lab tests performed on the same day and varying medication charges. Yore, however, explained that patients could receive more than one of the same laboratory tests on a particular day, and the varying charges for the same medication were attributable to the different dosages which were administered. The Galloways merely request this Court to reweigh the evidence, which it will not do. *See Tomahawk Village Apartments,* 571 N.E.2d at 1291. Further, the trial court took into consideration Hospital's failure to promptly provide the Galloways with an itemized statement of their account, by refusing to award prejudgment interest. The judgment of the trial court is affirmed.

Affirmed.

GARRARD and BAKER, JJ., concur.