134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert F. DRAY, Sr., Plaintiff-Appellant,
v.
U.S. VALVES, INC., Pinnacle Computer Services, Inc., and
Brian Ricci, individually, Defendants-Appellees.
 No. 97-1969.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 16, 1997.
Decided Jan. 12, 1998.
 
 Before ESCHBACH, FLAUM, and EVAMS, Circuit Judges.
 
 ORDER
 
 1
 Robert Dray, Sr. brought the present action asserting various claims and seeking to rescind a stock purchase agreement with defendant Brian Ricci for the purchase of Dray's stock in U.S. Valves, Inc. (USV) Dray claimed that Ricci failed to pay $10,000 of the money owed under the agreement and that Pinnacle Computer Services, Inc., a company owned by Ricci, failed to perform the computer services Ricci had agreed to provide. The district court granted summary judgment in favor or USV and Ricci on the grounds that Dray's claims were barred by a general release and settlement agreement previously executed by Dray, Ricci, and USV. The court also dismissed the remaining claim against Pinnacle for lack of subject matter jurisdiction because Dray's claim fell short of the $50,000 statutory amount in controversy (and $75,000 for new actions) required under 28 U.S.C. § 1332. Reviewing the district court's grant of summary judgment de novo, Lynn v. CSX Transportation, Inc., 84 F.3d 970, 973 (7th Cir.1996), we affirm.
 
 
 2
 On appeal Dray argues that summary judgment was inappropriate because he raised a genuine issue of material fact as to whether he received consideration for executing the release. In response to the defendants' motion for summary judgment, Dray claimed that the release and settlement agreement were intended to resolve only litigation between USV, Dray's son, Bobby, and his daughter-in-law, Chris, regarding their previous employment at USV, and not his dispute regarding the stock purchase agreement. Dray submitted an affidavit stating that he received no consideration for the release, that he did not intend to release USV or Ricci; and that he signed the release as a trustee for money Bobby was to receive in the form of a credit worth $13,500 against indebtedness owed to USV by two companies owned by Dray. He also submitted the affidavit of Thomas M. Piccione, his son's attorney in the previous litigation, which stated, to the best of his information, that Dray received no consideration, that the settlement agreement was used to resolve the lawsuit between Ricci, Bobby, and Chris, and that Dray joined in the settlement as a means to facilitate its resolution, not to resolve differences he personally had with Ricci.
 
 
 3
 The district court found that the affidavits Dray submitted were "not sufficient to create a genuine issue of material fact as to the legal effect of the written agreement" because the release contained no indication of his representative capacity. The district court also found that three independent bases for consideration existed the detriment incurred by USV and Ricci; the benefit that Dray provided to Bobby, Chris, and the two companies owned by Dray; and the benefit that Dray received from the release of claims against him by USV and Ricci.
 
 
 4
 Dray does not dispute that the release bars his claims if he received consideration for its execution Dray instead argues that his affidavit and the affidavit of Thomas M. Piccione raised genuine issues of material fact whether he signed the release only as a trustee and whether he received consideration for his signature. Challenging each of the bases for consideration found by the district court, Dray first argues that the court improperly assumed that USV and Ricci incurred a detriment through the mere act of entering into the release because no evidence of a detriment was in the record Dray next makes the circular argument that his consideration could not have been in the form of providing a benefit to others because the benefit they received did not benefit him. Dray finally argues that he could not receive a benefit from being released by USV and Ricci unless there was evidence that "these parties, had something to release."
 
 
 5
 The parties agree that Indiana law governs their dispute. See McWaters v. Parker, 995 F.2d 1366, 1370 (7th Cir.1993). Well-esablished Indiana law provides that a benefit to the promisor or a detriment to the promisee is sufficient as consideration. Tolliver v. Mathas, 538 N.E.2d 971, 974 (Ind.App. 4 Dist 1989). A court should not inquire into the adequacy of the consideration. Wagner v. Nutrasweet Co. 95 F 3d 527, 531 (7th Cir1996). Harrison-Floyd Farm Bureau Coop. Assoc., Inc v. Reed, 546 N.E.2d 855, 157 (Ind.App. 1 Dist 1989). "The doing of an act by one at the request of another which may be a detrimental inconvenience, however slight, to the party doing it or may be a benefit, however slight, to the party at whose request it is performed, is legal consideration for a promise by such requesting party." Harrison-Floyd, 546 N.E.2d at 857.
 
 
 6
 Contrary to Dray's argument, "[d]etriment alone suffices as consideration," Tolliver, 538 N.E.2d at 974, and the record contains evidence of the detriment USV and Ricci incurred in executing the release--the documents themselves. Under the settlement agreement, which is the acknowledged consideration for the release, USV and Ricci agreed to perform certain obligations, including (1) crediting the sum of $13,500 against indebtedness owed to USV by two of Dray's companies; and (2) releasing Dray. The release of Dray also resulted in a benefit to him. Dray's argument that there was no evidence that USV and Ricci had "something to release" is irrelevant. The release applies to future as well as existing claims. Therefore, USV and Ricci gave up the right to bring future claims, and Dray received the benefit of such claims being foreclosed. It is also irrelevant whether the benefits flowed to Dray personally or whether Dray agreed to execute the release to provide a benefit to others Dray's promise to release USV and Ricci resulted in an acknowledged benefit to his son and daughter-in-law and a potential benefit to companies he owns, which constitutes valuable consideration. Id.
 
 
 7
 The district court did not err in deciding that consideration for Dray's execution of the release existed as a matter of law. "The language of a release is important in determining the intention of the parties and, as a general rule, where the intention to settle for unknown [claims] is clearly expressed, and there is no fraud or overreaching involved, the release is a bar for injuries subsequently discovered." McWaters, 995 F.2d at 1375 (quoting Gumberts v. Greenberg, 115 N.E.2d 504, 507 (Ind.Ct.App.1953)). The language of the release and the settlement agreement incorporated by reference therein establish that Dray received consideration for executing the release. The release provides that it was executed "in consideration of certain promises and financial remuneration as evidenced by Exhibit A hereto, the receipt of which is hereby acknowledged...."
 
 
 8
 Dray also argues that the district court should not have questioned whether he signed the release as a trustee, a fact which he believes shows that he personally did not receive consideration. The release, however, contains no indication that his signature was in a representative capacity, and the court properly concluded as a matter of law that the release itself shows that Dray signed in a personal capacity. See Sullivan v. Cox, 78 F.3d 322, 326 (7th Cir.1996) (parties make themselves personally liable by signing their signatures and no more) (applying Illinois law). In the absence of an ambiguity, the court is not permitted to look beyond the four corners of the release. McWaters, 995 F.2d at 1375. The release's specific evaluation of any claim which might arise from a particular license agreement between Dray and USV also evinces the parties' intention that the release forecloses Dray's other personal claims.
 
 
 9
 The settlement agreement also indicates that the parties intended Dray personally to be a party to the agreement and for the present claims to he included in the release. The settlement agreement provides that one of the reasons for the execution of the agreement and the release is because "questions have arisen regarding the stock transfer between Robert Dray, Sr. and Brian F. Ricci on December 18, 1994." See Licciardi v. Kropp Forge Div. Employees' Retirement Plan, 797 F.Supp. 1375, 1381 (N.D.Ill.1992) (examining the "whereas" clause of a settlement agreement to determine the parties' intent), aff'd, 990 F.2d 979 (7th Cir.1993).
 
 
 10
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.